■ MARIO REALI, Appellant, v ALBERT DANKLEFSEN et al., Respondents. — In an action, *inter alia,* to rescind and cancel a shareholders' agreement, the plaintiff appeals from stated portions of an order of the Supreme Court, Nassau County (Wager, J.), dated June 19, 1981, which, *inter alia,* granted defendants' application to compel the parties to proceed to arbitration and to stay plaintiff from proceeding in this action. Order reversed insofar as appealed from, without costs or disbursements, defendants' application to compel the parties to proceed to arbitration and to stay plaintiff from proceeding in this action is denied, plaintiff's cross motions granted to the extent that defendants are directed to accept plaintiff's amended complaint and to serve an amended answer and matter remitted to Special Term for disposition of the remaining aspects of said cross motions. The complaint alleges fraud in the inducement by defendant Albert Danklefsen as a basis for rescinding a shareholders' agreement, and also seeks ancillary relief. The defendants have interposed an answer which includes as a first affirmative defense an allegation that the shareholders' agreement executed by the plaintiff provided that "All disputes, differences and controversies * * * shall be settled and finally determined by arbitration". The answer, which contains three counterclaims, was served upon the plaintiff with a demand for a bill of particulars, and the defendants also served a notice to take the oral deposition of the plaintiff. The defendants then moved, pursuant to CPLR 3211 (subd [a], par 7), to dismiss the complaint. The affidavit sworn to by all the individual defendants alleged that the plaintiff has an adequate remedy at law against defendant Albert Danklefsen. Defendants further averred that the relief sought would result in dissolution of defendant Island Truck Center, Inc., an act requiring compliance with article 11 of the Business Corporation Law, and that rescission would be patently unfair to the remaining individual defendants. In response to cross motions made by the plaintiff for (1) an order directing the defendants to serve an amended answer and also to strike certain items from defendants' demand for a bill of particulars, and (2) an order compelling the defendants to accept plaintiff's amended complaint, the defendants' opposition refers to the shareholders' agreement, obligating the parties to arbitrate. The defendants' motion

and the plaintiff's cross motions were adjourned at the request of the defendants, who thereafter, by order to show cause dated April 8, 1981, sought, pursuant to CPLR 7503 (subd [a]) to stay this action and to compel arbitration. We determine that the defendants, by their active, positive participation in this action, waived their right to compel arbitration and stay the action. Such activity included, but is not limited to, interposing two counterclaims based upon the alleged breach of the shareholders' agreement, service of a demand for a bill of particulars, notice of oral deposition of the plaintiff (which disclosures are not normally available in arbitration proceedings) and, finally, a motion to dismiss the complaint, based upon the provisions of article 11 of the Business Corporation Law. These actions manifest an affirmative acceptance of the judicial forum (*De Sapio v Kohlmeyer,* 35 NY2d 402; *Matter of Zimmerman v Cohen,* 236 NY 15). The defendants have charted their own course in this litigation. Since plaintiff's amended complaint was timely served his cross motions are granted to the extent of directing defendants to accept said complaint and to serve an amended answer. The matter is remitted to Special Term so that the other aspects of the cross motions may be decided by that court. Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.