■ THOMAS BUCCI, Appellant, v WILLIAM McDERMOTT et al., Respondents.—In an action, *inter alia,* for specific performance of an employment contract and a stock purchase agreement, the plaintiff appeals from an order of the Supreme Court, Orange County (Patsalos, J.), dated April 25, 1988, which granted the defendants' motion to compel arbitration and to stay all proceedings.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the matter is remitted to the Supreme Court, Orange County, for further proceedings.

In this action the plaintiff seeks, *inter alia,* specific performance and/or damages arising out of the defendants' alleged breach of an employment contract and a stock purchase agreement related thereto. More than a year after the litigation had commenced, the defendants amended their answer to assert the affirmative defense that the controversy should be decided by arbitration, based upon an arbitration clause contained in the employment contract. The plaintiff argues that the defendants waived their right to arbitration inasmuch as they affirmatively participated in the litigation for more than one year. We agree.

It is settled law that a party which elects to litigate waives its right to arbitration *(see, De Sapio v Kohlmeyer,* 35 NY2d 402; *Reali v Danklefsen,* 88 AD2d 929). We find that the defendants' conduct herein sufficiently manifested their intention to pursue litigation with respect to the claims regarding both the employment contract and the stock purchase agreement. This conduct effected a waiver of the arbitration clause set forth in the employment contract. Indeed, the defendants, *inter alia,* interposed an answer to the original complaint containing 11 affirmative defenses and counterclaims, served a notice to take oral depositions of the plaintiff, served a bill of particulars, opposed the plaintiff's motion to preclude discov-

ery, and made a motion for partial summary judgment. These actions reflect an affirmative acceptance of the judicial forum constituting a waiver of the right to arbitration *(see, De Sapio v Kohlmeyer, supra; Reali v Danklefsen, supra).*

Furthermore, the waiver of the right to arbitration was permanent *(see, Sherrill v Grayco Bldrs.,* 64 NY2d 261, 274), and this right was not revived by the service of amended pleadings by the parties. Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.