■■■ FREDERIC H. DREW, Appellant, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent. [637 NYS2d 589] —Order unanimously reversed on the law without costs, cross motion denied, complaint reinstated and motion granted. Memorandum: Plaintiff, who had purchased three life insurance policies from defendant, commenced an action alleging that defendant improperly induced him to buy the second and third policies. After joinder of issue, defendant agreed to plaintiff's settlement demand, thereby stipulating that it would cancel the third policy and apply the proceeds to the first two policies, and that "any loans used from the older policies will be reversed as of the original dates they were granted thereby waiving any loan interest." Thereafter, when defendant billed plaintiff for interest on loans from the first two policies, plaintiff commenced this action to enforce the stipulation, contending that the stipulation reversed all loans from the first two policies. Plaintiff moved and defendant cross-moved for summary judgment. Supreme Court granted defendant's cross motion and dismissed the complaint. We reverse and grant plaintiff's motion *(see,* CPLR 3212 [b]).

"Stipulations of settlement are essentially contracts and will be construed in accordance with contract principles and the parties' intent" *(Serna v Pergament Distribs.,* 182 AD2d 985, 986, *lv dismissed* 80 NY2d 893, *rearg denied* 80 NY2d 926). When an agreement between parties is clear and unambiguous on its face, it will be enforced according to its terms and without resort to extrinsic evidence *(see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *Teitelbaum Holdings v Gold,* 48 NY2d 51, 56; *Northrup Contr. v Village of Bergen,* 129 AD2d 1002, 1003). The stipulation, which was drafted by defendant, provides that "any loans used from the older policies will be reversed". Defendant has not demonstrated that the term "used" means "any loans used [to fund the third policy] will be reversed", nor has defendant demonstrated that the term "used" is ambiguous and permits the introduction of extrinsic evidence. (Appeal from Order of Supreme Court, Niagara

County, Rath, Jr., J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Doerr, Balio and Davis, JJ.