■ REYNOLDS & REYNOLDS CO., AUTOMOTIVE SYSTEMS DIVI-
SION, Respondent, v GOLDSMITH MOTOR CORPORATION, Appel-

lant. [672 NYS2d 804] —In an action, *inter alia,* to recover money due under a contract, the defendant appeals from so much of an order of the Supreme Court, Queens County (Price, J.), dated April 11, 1997, as stayed its counterclaims and directed the parties to proceed to arbitration on the counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the Supreme Court properly concluded that the plaintiff did not waive its right to arbitration of the defendant's counterclaims. The counterclaims are clearly encompassed by the parties' arbitration agreement, which, by its terms, is to be governed by the Federal Arbitration Act (hereinafter FAA) (9 USC § 1 *et seq.).* The FAA "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate" (*Cone Mem. Hosp. v Mercury Constr. Corp.,* 460 US 1, 25, n 32). There is a strong Federal policy favoring arbitration and any doubts concerning the issue of waiver should be resolved in favor of arbitration (*see, Cone Mem. Hosp. v Mercury Constr. Corp., supra,* at 24-25; *Leadertex, Inc. v Morganton Dyeing & Finishing Corp.,* 67 F3d 20, 25). Given this presumption, waiver may not be lightly inferred (*see, Leadertex, Inc. v Morganton Dyeing & Finishing Corp., supra,* at 25).

There is no inflexible or mechanical rule as to what constitutes a waiver of the right to arbitrate. Rather, determination of the issue depends on the facts and circumstances of each particular case (*see, Leadertex, Inc. v Morganton Dyeing & Finishing Corp., supra,* at 25; *St. Mary's Med. Ctr. v Disco Aluminum Prods. Co.,* 969 F2d 585, 587-588; *Jones Motor Co. v Chauffeurs, Teamsters & Helpers, Local Union No. 633,* 671 F2d 38, 44, *cert denied* 459 US 943). Among the factors to be considered are the extent of the party's participation in litigation and conduct inconsistent with the assertion of a right to arbitrate, the delay in seeking arbitration, and whether the other party has been prejudiced (*see, Leadertex, Inc. v Morganton Dyeing & Finishing Corp., supra,* at 25; *Jones Motor Co. v Chauffeurs, Teamsters & Helpers, Local Union No. 633, supra,* at 44; *Weight Watchers v Weight Watchers Intl.,* 398 F Supp 1057, 1059). Considering all of the facts and circumstances of this case, a finding of waiver is not warranted.

The defendant's remaining contention is without merit. Ritter, J. P., Thompson, Altman and McGinity, JJ., concur.