■ RUTTURA & SONS CONSTRUCTION CO., INC., Appellant, v J. PETROCELLI CONSTRUCTION, INC., et al., Respondents. [684 NYS2d 286] —In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 26, 1998, as denied its motion to compel discovery and granted

those branches of the cross motion of the defendants which were (1) to stay the plaintiff from prosecuting the first and third causes of action and to direct the parties to proceed to arbitration on those causes of action, and (2) on behalf of the defendant National Union Fire Insurance Company of Pittsburgh, Pa., for summary judgment dismissing the plaintiff's second cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly determined that the defendant J. Petrocelli Construction, Inc. (hereinafter Petrocelli), did not waive its right to arbitrate by participating in this litigation. Because Petrocelli raised the requirement of arbitration as an affirmative defense in its answer, and because there are arbitrable and nonarbitrable issues involved, it did not waive its right to arbitration (see, Sherrill v Grayco Bldrs., 64 NY2d 261; De Sapio v Kohlmeyer, 35 NY2d 402; Bucci v McDermott, 156 AD2d 328).

The Supreme Court also properly granted the branch of the cross motion which was for summary judgment dismissing the second cause of action, which was to recover on a surety bond. The evidence indicates that the plaintiff did not commence this cause of action within one year after work was completed, as required by the subcontract. The plaintiff has failed to show that facts essential to justify opposition may exist upon further discovery. A determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence (see, Auerbach v Bennett, 47 NY2d 619; see also, Carrington v City of New York, 201 AD2d 525; Kennerly v Campbell Chain Co., 133 AD2d 669). Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.