LES CONSTRUCTIONS BEAUCE-ATLAS, INC., Respondent, v TOCCI BUILDING CORPORATION OF NEW YORK, INC., et al., Appellants, et al., Defendants. [742 NYS2d 356] —In an action, inter alia, to recover damages for breach of contract, the appeal is from an order of the Supreme Court, Westchester County (Rudolph, J.), entered May 17, 2001, which denied the motion of the defendants Tocci Building Corporation of New York, Inc., Tocci Building Corporation, the Fountains at Rivervue, L.L.C., the Fountains Retirement Communities, Inc., and the Fountains Retirement Communities of New York, Inc., to compel arbitration and granted the plaintiff's cross motion to permanently stay arbitration.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the parties are directed to proceed to arbitration in Westchester County, New York.

The plaintiff and the defendant Tocci Building Corporation of New York, Inc. (hereinafter Tocci), entered into a subcontract on a construction project located in Tuckahoe, New York. The subcontract provided for the arbitration of "any claim, dispute or controversy arising out of or relating to this Agreement or the breach thereof" at the sole option of Tocci. The plaintiff subsequently commenced this action, inter alia, seeking to recover damages for breach of contract.

The right to arbitrate, like any other contractual right, may

be modified, waived, or abandoned (*see Sherrill v Grayco Bldrs.,* 64 NY2d 261, 272). A determination that a party has waived the right to arbitrate requires a finding that the party engaged in litigation to such an extent as to "manifest[ ] a preference 'clearly inconsistent with [its] later claim that the parties were obligated to settle their differences by arbitration' * * * and thereby elected to litigate rather than arbitrate" (*Sherrill v Grayco Bldrs., supra* at 272, quoting *Matter of Zimmerman v Cohen,* 236 NY 15, 19).

The fact that the defendants, in response to the complaint, requested an extension of time to serve an answer, and subsequently served an answer containing, among other things, counterclaims and affirmative defenses, was insufficient to warrant the conclusion that they waived their right to arbitrate, particularly where the defendants asserted the right to arbitration as an affirmative defense (*see Sherrill v Grayco Bldrs., supra* at 274; *Nagy v Arcas Brass & Iron Co.,* 242 NY 97, 98; *Ruttura & Sons Constr. Co. v Petrocelli Constr.,* 257 AD2d 614, 615). The fact that the answer contained a jury demand is of no consequence since the demand was served prematurely and, therefore, was a nullity (*see* CPLR 4102 [a]).

Accordingly, we direct that the parties proceed to arbitration in Westchester County, New York, since the agreement provides that "the locale [of the arbitration] shall be the place where the project is located" unless the parties mutually agree otherwise.

In light of our determination, we need not address the parties' remaining contentions. Ritter, J.P., Feuerstein, Goldstein and Cozier, JJ., concur.