ANTHONY FLYNN et al., Appellants, v LABOR READY, INC., et al., Respondents. [775 NYS2d 357]—

In an action pursuant to Labor Law § 193, inter alia, to recover wages wrongfully withheld, the plaintiffs appeal from an order of the Supreme Court, Kings County (Bonina, J.), dated November 18, 2002, which granted the defendants' motion to stay all proceedings in the action and to compel them to submit their claims individually to arbitration, on the condition that the defendants pay the costs of arbitration after the plaintiffs paid the initial filing fees.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to compel the plaintiffs to submit their claims individually to arbitration and substituting therefor a provision granting that branch of the motion to the extent of compelling the plaintiffs to submit their claims to arbitration and reserving for the arbitrator the issue of whether class action arbitration is permissible and otherwise denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs commenced this action against the defendants Labor Ready, Inc., and Labor Ready Northeast, Inc. (hereinafter collectively Labor Ready), in which they alleged, inter alia, that the processing fees they were charged by Labor Ready to cash their paychecks in cash-dispensing machines constituted unlawful deductions from their wages under Labor Law § 193. The Supreme Court granted that branch of Labor Ready's motion which was to compel the plaintiffs to arbitrate their claims individually pursuant to an arbitration agreement, on the condition that Labor Ready pay the costs of arbitration after the plaintiffs paid the initial filing fees (*see Flynn v Labor Ready,* 193 Misc 2d 721 [2002]).

"The right to arbitrate, like any other contractual right, may be modified, waived, or abandoned" (*Les Constructions Beauce-Atlas v Tocci Bldg. Corp. of N.Y.,* 294 AD2d 409, 409-410 [2002]). A determination that a party has waived the right to arbitrate requires a finding that the party engaged in litigation to such an extent as to "manifest[ ] a preference 'clearly inconsistent with [that party's] later claim that the parties were obligated to settle their differences by arbitration' . . . and thereby elected to litigate rather than arbitrate" (*Sherrill v Grayco Bldrs.,* 64 NY2d 261, 272 [1985], quoting *Matter of Zimmerman v Cohen,* 236 NY 15, 19 [1923]; *see also Les Constructions Beauce-Atlas v Tocci Bldg. Corp. of N.Y., supra*).

Contrary to the plaintiffs' contention, Labor Ready did not waive its right to compel arbitration by serving a motion to dismiss prior to its answer, as a defendant is entitled to have the sufficiency of a complaint tested before a duty to seek arbitration arises (*see Matter of Haupt v Rose,* 265 NY 108, 111 [1934]; *see also Singer v Jefferies & Co.,* 78 NY2d 76 [1991]; *Matter of Terminal Auxiliar Maritima, S.A. [Winkler Credit Corp.],* 6 NY2d 294 [1959]). Furthermore, Labor Ready's prior motion to deny class certification did not "evince[ ] an affirmative acceptance of the judicial forum" (*Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y.,* 45 NY2d 735, 737 [1978]). Upon consideration of all the circumstances, including any delay in seeking arbitration, any prejudice to the plaintiffs, and the extent of Labor Ready's participation in the litigation, Labor Ready did not waive its right to compel arbitration (*see Reynolds & Reynolds Co., Automotive Sys. Div. v Goldsmith Motor Corp.,* 251 AD2d 312 [1998]).

The subject arbitration agreements signed by the plaintiffs provided, in essence, that any employment disputes were to be resolved by arbitration conducted by the American Arbitration

Association. The agreements were silent as to whether class action arbitration was permissible. Accordingly, the question of whether these claims may be submitted to arbitration as a class action is for the arbitrator to decide (*see Green Tree Fin. Corp. v Bazzle,* 539 US 444 [2003]; *Pedcor Mgt. Co., Welfare Benefit Plan v Nations Personnel of Tx.,* 343 F3d 355 [5th Cir 2003]).

The plaintiffs' remaining contentions as to the validity of the agreement to arbitrate are without merit (*see Green Tree Fin. Corp.-Ala. v Randolph,* 531 US 79 [2000]; *Adkins v Labor Ready Inc.,* 303 F3d 496 [2002]). Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.