■ LINDA A. STARK, ESQ., Appellant, v MOLOD SPITZ DESANTIS & STARK, P.C., et al., Respondents. [816 NYS2d 34]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered October 18, 2004, which, insofar as appealed from, granted those aspects of defendants' motion that sought to dismiss plaintiff's first, third and fourth causes of action, granted that aspect of defendants' motion that sought to compel arbitration of plaintiff's second cause of action and directed the parties to proceed to arbitration on that cause of action, and denied plaintiff's cross motion to stay arbitration, modified, on the law, the first, third and fourth causes of action reinstated,

those aspects of defendants' motion that sought to compel arbitration of plaintiff's claims denied, plaintiff's cross motion to stay arbitration granted, and otherwise affirmed, without costs.

Plaintiff is an attorney who was employed by defendant Molod Spitz DeSantis, P.C. (the firm) from 1996 through April 2003. In December 2000 plaintiff and the firm entered into an "employment agreement" that "set[ ] forth the entire understanding of the parties relating to" plaintiff's employment as a "contract member" of the firm, including an agreement "that all controversies and claims which may arise out of the transaction contemplated by this Agreement or the construction, performance or breach of this Agreement shall be determined by binding arbitration."

In June 2003 plaintiff commenced a special proceeding against the firm seeking to: (1) substitute plaintiff, in place of the firm, as the counsel of record for several clients in pending actions; (2) compel the firm to turn over all client files in matters in which substitution of counsel was sought; (3) require that the firm be reimbursed for disbursements, if any, upon the completion of each action in which plaintiff is substituted; (4) prohibit the firm from working on any file or billing any client where the subject client chose to be represented by plaintiff; (5) require the firm to forward to plaintiff all telephone calls, mail, facsimile transmissions and other communications addressed to her, and to safeguard plaintiff's possessions in the firm's office until they were retrieved by her; (6) recover her salary through June 13, 2003; (7) recover damages for vacation time owed to her for 2002 and 2003; and (8) recover $1,850 in expenses incurred. On June 17, 2003 the parties entered into a "so-ordered" stipulation before Justice Diamond. The stipulation, among other things, resolved plaintiff's first, second, third and fifth claims. The stipulation stated, in pertinent part, that: "This stipulation should not otherwise be construed as a waiver of any rights or remedies that [plaintiff] or [defendants] may seek to obtain against one another."

Plaintiff subsequently commenced the instant action against defendants. Plaintiff asserted claims for breach of contract (first cause of action), violations of the New York City Human Rights Law (second cause of action), failure to provide plaintiff with client files and executed consent-to-change-counsel forms, and failure to forward mail and telephone calls addressed to her (third cause of action), back pay, vacation pay and reimbursement of expenses (fourth cause of action), and defamation (fifth cause of action).

In lieu of answering, defendants moved to dismiss the complaint pursuant to CPLR 3211, or alternatively, to compel arbitration of plaintiff's claims. Defendants argued, among other things, that the stipulation resolved all "employment-related" issues, including plaintiff's first, second, third and fourth causes of action. Defendants also argued that any claims that survived the stipulation were subject to arbitration pursuant to the employment agreement.

Plaintiff cross-moved to stay arbitration, arguing that defendants waived the right to compel arbitration because they availed themselves of the courts in litigating matters related to the employment agreement. Additionally, plaintiff argued that her claims fell outside the scope of the arbitration clause and were preserved under the reservation-of-rights clause of the stipulation. Plaintiff also cross-moved to restrain defendants from separately litigating claims related to attorneys' fees that were the subject of dispute between the parties.

Supreme Court, among other things, granted defendants' motion to dismiss the complaint to the extent of dismissing the first, third and fourth causes of action.[1] The court determined that these causes of action had been resolved by the parties' stipulation in the special proceeding. The court also granted that aspect of defendants' motion that sought to compel arbitration of plaintiff's second cause of action to recover damages for violations of the New York City Human Rights Law. Rejecting plaintiff's contention that defendants had waived the right to compel arbitration, the court denied plaintiff's cross motion to stay arbitration.

At the outset, Supreme Court erred in determining that the parties' stipulation in the special proceeding barred plaintiff's first and fourth causes of action. The stipulation addressed neither the alleged breach of plaintiff's employment contract nor plaintiff's claims for back pay, vacation pay and expense reimbursement. Furthermore, the stipulation contained a reservation-of-rights clause which stated that, by entering into the stipulation, the parties did not waive any rights or remedies they may have against one another.

Supreme Court also erred in dismissing plaintiff's third cause of action. Under this cause of action, plaintiff seeks to recover damages based on defendants' alleged failure to: (1) forward to plaintiff mail and telephone calls addressed to her; (2) provide

---

1. The court also dismissed plaintiff's fifth cause of action to recover damages for defamation. Plaintiff has not challenged that aspect of the order on appeal, and therefore abandoned that claim (*see Doe v Westfall Health Care Ctr.*, 303 AD2d 102, 105 [2002]).

plaintiff with executed consent forms to effect substitution of counsel; and (3) provide plaintiff with certain client files. Supreme Court dismissed this cause of action on the ground that the claims thereunder were resolved by the stipulation. However, by asserting this cause of action plaintiff essentially alleges that the terms of the settlement have been breached by defendants. Therefore, plaintiff's third cause of action is in essence one to enforce the stipulation (*see generally Drew v Prudential Ins. Co. of Am.*, 224 AD2d 1036 [1996]).

Turning to the issue of the appropriate forum for plaintiff's claims, plaintiff asserts that defendants waived the right to compel arbitration pursuant to the employment agreement. In support of her waiver argument, plaintiff points out that defendants failed to move to compel arbitration in the special proceeding and participated in litigation regarding several matters that were subject to the arbitration clause.

A party will be deemed to have waived a contractual right to arbitrate when the party's "litigation activity manifested a preference 'clearly inconsistent with [its] later claim that the parties were obligated to settle their differences by arbitration' " (*Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272 [1985], quoting *Matter of Zimmerman [Cohen]*, 236 NY 15, 19 [1923]). The Court of Appeals has provided the following guidance to courts evaluating a waiver-of-the-right-to-arbitrate claim: "In the absence of unreasonable delay, so long as the defendant's actions are consistent with an assertion of the right to arbitrate, there is no waiver. However, where the defendant's participation in the lawsuit manifests an affirmative acceptance of the judicial forum, with whatever advantages it may offer in the particular case, his actions are then inconsistent with a later claim that only the arbitral forum is satisfactory" (*De Sapio v Kohlmeyer*, 35 NY2d 402, 405 [1974]; *see Allied Bldg. Inspectors Intl. Union of Operating Engrs., Local Union No. 211, AFL-CIO v Office of Labor Relations of City of N.Y.*, 45 NY2d 735, 737 [1978]).

To be sure, "[n]ot every foray into the courthouse effects a waiver of the right to arbitrate" (*Sherrill*, 64 NY2d at 273), and actions undertaken by the party against whom the waiver would operate that are merely defensive will be considered consistent with an assertion of the right to arbitrate (*see e.g. Matter of Haupt v Rose*, 265 NY 108, 110-111 [1934] [entering into stipulation to extend time to answer coupled with moving to dismiss the complaint or, alternatively, to compel plaintiff to separately state and number causes of action insufficient to constitute waiver]; *Flynn v Labor Ready*, 6 AD3d 492 [2004] [making mo-

tions to dismiss complaint pursuant to CPLR 3211 (a) (7) and to deny class action certification insufficient to constitute waiver]; *Two Cent. Tower Food v Pelligrino,* 212 AD2d 441 [1995] [interposing answer that contains no affirmative defenses or counterclaims insufficient to constitute waiver]). However, where the party against whom the waiver would operate contests the merits of the dispute or seeks affirmative relief through the judicial process, that party waives the right to compel arbitration (*see e.g. De Sapio,* 35 NY2d at 405-406 [defendant's acts of interposing cross claim and taking deposition of plaintiff each sufficient to waive right to compel arbitration]; *Great N. Assoc. v Continental Cas. Co.,* 192 AD2d 976 [1993] [commencement of judicial action or proceeding embracing same issues as those contained in arbitration claim sufficient to waive right to compel arbitration]).

In the case at bar, plaintiff initiated both the special proceeding and the instant plenary action. In response to the special proceeding defendants did not move to compel arbitration. Rather, they elected to enter into the stipulation, which was "so-ordered" by the justice assigned to the then-pending judicial proceeding, redressing issues between the parties that were embraced by the arbitration clause in the employment agreement (*cf.* Siegel, NY Prac § 595, at 1049 [4th ed] [to avoid waiver, motion to compel arbitration should be defendant's sole step when sued on a claim that she believes is arbitrable]). Additionally, defendants litigated the issue of the division of attorneys' fees between the firm and plaintiff in two other actions—*Cooney v The Second Toro Family, Ltd. Partnership* (Sup Ct, NY County, Index No. 105706/01) and *Pringle v Chelsea Piers Mgt., Inc.* (Sup Ct, Bronx County, Index No. 25359/00)—despite the fact that the issue of the division of attorneys' fees between the parties was addressed in sections 3.2 and 3.3 of the employment agreement, and concomitantly subject to the arbitration clause.[2]

Through their actions defendants manifested a preference clearly inconsistent with their claim that the parties were obligated to settle their differences by arbitration (*see Sherrill,* 64 NY2d at 272). Far from employing a defensive posture, defendants actively participated in a special proceeding and two plenary actions that involved matters falling within the ambit of the arbitration clause, thereby manifesting an affirmative acceptance of the judicial forum (*see De Sapio,* 35 NY2d at 405-406). By seeking and accepting the benefits of litigation,

---

2. Nor did defendants act only defensively in *Cooney* and *Pringle,* where, in fact, defendants initiated the litigation with plaintiff herein by bringing motions for the apportionment of attorneys' fees.

defendants have waived their contractual right to compel arbitration, and plaintiff's first, second, third and fourth causes of action should be litigated in the plenary action.

In light of the foregoing, we need not address plaintiff's argument that her cause of action to recover damages for gender discrimination in contravention of the New York City Human Rights Law is not subject to arbitration. Concur—Williams, Gonzalez and McGuire, JJ.

Nardelli, J.P., dissents in part in a memorandum as follows: I respectfully dissent and, although I concur with the majority that the first, third and fourth causes of action should be reinstated, I find that the motion court properly granted that branch of defendants' motion which sought to compel arbitration and denied plaintiff's cross motion to stay arbitration.

It has long been settled that New York State public policy favors the enforcement of arbitration agreements (*Matter of Weinrott [Carp]*, 32 NY2d 190, 199 [1973]; *Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 49 [1997]), for arbitration serves "as a means of conserving the time and resources of the courts and the contracting parties" (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 95 [1975], *see also Maross Constr. v Central N.Y. Regional Transp. Auth.*, 66 NY2d 341, 345 [1985] [arbitration "is now well recognized as an effective and expeditious means of resolving disputes between willing parties desirous of avoiding the expense and delay frequently attendant to the judicial process"]; *Matter of Siegel [Lewis]*, 40 NY2d 687, 689 [1976] ["(i)t has long been the policy of the law to interfere as little as possible with the freedom of consenting parties to achieve that objective"]).

The right to arbitrate, however, like any other contractual right, may be modified, waived or abandoned (*Flynn v Labor Ready*, 6 AD3d 492, 493 [2004]; *Les Constructions Beauce-Atlas v Tocci Bldg. Corp. of N.Y.*, 294 AD2d 409, 409-410 [2002]). A court, in order to determine that a party has waived the right to arbitration, must find that the party "engaged in litigation to such an extent as to 'manifest[ ] a preference clearly inconsistent with [that party's] later claim that the parties were obligated to settle their differences by arbitration . . . and thereby elected to litigate rather than arbitrate' " (*Flynn* at 493, quoting *Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272 [1985], quoting *Matter of Zimmerman [Cohen]*, 236 NY 15, 19 [1923]). More specifically: "Not every foray into the courthouse effects a waiver of the right to arbitrate. Where claims are entirely separate, though arising from a common agreement, no waiver of

arbitration may be implied from the fact that resort has been made to the courts on other claims (*Denihan v Denihan*, 34 NY2d 307, 310). Moreover, where urgent need to preserve the status quo requires some immediate action which cannot await the appointment of arbitrators, waiver will not occur where plaintiff 'moves in court for protective relief in order to preserve the status quo while at the same time exercising its right under the contract to demand arbitration' (*Preiss/Breismeister Architects v Westin Hotel Co.*, 56 NY2d 787, 789 [1982])" (*Sherrill*, 64 NY2d at 273; *see also Kobak v Schultz*, 117 AD2d 714, 715-716 [1986]).

In this matter, the arbitration provision in the parties' employment agreement clearly provides that: "the parties hereby agree that all controversies and claims which may arise out of the transaction contemplated by this Agreement or the construction, performance or breach of this Agreement shall be determined by binding arbitration . . . ."

Given the unambiguous, explicit and unequivocal terms of the arbitration provision, it is clear that all of plaintiff's claims herein, which arise out of the employment agreement, are encompassed within that arbitration provision (*see Nasso v Loeb & Loeb, LLP*, 19 AD3d 465 [2005]; *Stoll Am. Knitting Mach. v Creative Knitwear Corp.*, 5 AD3d 586, 587 [2004]).

I disagree, however, with the majority's conclusion that defendants waived their contractual right to arbitration. Regardless of the causes of action interposed by plaintiff in her first Supreme Court action, the stipulation settling that action addresses a very narrow range of issues primarily concerning files, communications, and disbursements associated with a small, specific number of matters on which plaintiff worked while employed at defendant law firm and which were still in active litigation. I reject the contention that defendants' entry into this very limited stipulation constitutes a clear manifestation of their intent to waive arbitration (*see Spatz v Ridge Lea Assoc.*, 309 AD2d 1248, 1249 [2003]; *Matter of Riggi [Lupe Constr. Co.]*, 176 AD2d 1177, 1178-1179 [1991]), or comprises "conduct inconsistent with an intent to reserve any issues for arbitration" (*Faberge Intl. v Di Pino*, 109 AD2d 235, 239 [1985]; *see also De Sapio v Kohlmeyer*, 35 NY2d 402 [1974]). Moreover, the majority's reference to defendants' "active[ ]" participation in two plenary actions actually consisted of two motions, brought pursuant to the Judiciary Law, for the allocation of fees in two separate and distinct actions referenced in the stipulation. Indeed, defendants' motions were contemplated by the stipulation, which provided that defendants reserved their right to claim a share of the attorneys' fees in certain delineated ac-

tions (*Cooney v The Second Toro Family, Ltd. Partnership*, Sup Ct, NY County; *Pringle v Chelsea Piers Mgt., Inc.*, Sup Ct, Bronx County). These motions certainly do not, in my view, indicate a clear intent to waive their right to arbitrate plaintiff's current causes of action sounding in breach of contract, gender discrimination in violation of the New York City Human Rights Law, damages as the result of defendants' withholding client files and locking her out of her office, damages for salary, benefits and vacation pay, and defamation (*see Sherrill*, 64 NY2d at 273 ["(w)here claims are entirely separate, though arising from a common agreement, no waiver of arbitration may be implied from the fact that resort has been made to the courts on other claims"]).

Further, the final paragraph of the stipulation sets forth a comprehensive reservation of rights clause that provides: "[t]his stipulation should not otherwise be construed as a waiver of any right or remedies that Petitioner or Respondent may seek to obtain against one another."

Plaintiff, to a large extent, relies on this clause for the proposition that her current claims are not barred by the doctrine of res judicata.* While I agree that plaintiff's right to bring the current array of claims arising out of the agreement is preserved by that clause, I find that such clause also operates to preserve defendants' *right* to enforce the arbitration provision embodied in the agreement.

Accordingly, I find that that branch of defendants' motion which sought to compel arbitration should be granted, and plaintiff's cross motion to stay arbitration should be denied.

---

* Under New York State's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see also Fifty CPW Tenants Corp. v Epstein*, 16 AD3d 292, 293 [2005]).