■ JUSTIN WILLER et al., Appellants, v JOSEPH KLEINMAN et al., Respondents. [980 NYS2d 567]—

In an action to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Pfau, J.), dated October 10, 2012, as granted that branch of the defendants' motion which was to compel the plaintiff Justin Willer and the defendant Joseph Kleinman to proceed with arbitration of their claims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was to compel the plaintiff Justin Willer and the defendant Joseph Kleinman to proceed with arbitration of their claims is denied.

The plaintiffs, Justin Willer and Nadia Willer, are the owners of residential property in Brooklyn. In 2009, Justin Willer entered into a contract with the defendants to renovate the subject property. The parties' written contract was between Justin Willer and Joseph Kleinman, and made no mention of arbitration.

In a summons dated July 27, 2011, a rabbinical court summoned Kleinman to appear before it on August 4, 2011, at the request of Justin Willer, to arbitrate a claim for $225,000 in damages allegedly incurred as a result of "fraud, overcharging, damages to property, repairs." Kleinman claimed that he appeared before the rabbinical court on August 4, 2011, and agreed to arbitrate the dispute. However, the parties did not proceed to arbitration, and approximately eight months later, the plaintiffs commenced this action to recover damages for breach of contract.

The defendants answered, raising as an affirmative defense that Justin Willer and Kleinman agreed to arbitrate. The defendants also docketed a mechanic's lien against the property for $50,581.19, which they claimed was due and owing for work performed, and counterclaimed for that amount. Along with

their answer, they submitted their first set of interrogatories, which the plaintiffs answered.

Thereafter, the defendants moved to compel the plaintiffs to proceed to arbitration, and for a protective order, inter alia, striking the plaintiffs' discovery demands. In an affidavit in support of the motion, Kleinman stated that he appeared before the rabbinical court on August 4, 2011, and "agreed to arbitrate the disputes and all of the issues between the parties."

In opposition, the plaintiffs' attorney submitted an affirmation noting that there was no written agreement to arbitrate. The plaintiffs' attorney further claimed that the defendants waived arbitration by counterclaiming in the instant action for additional relief of $50,581.19, for work performed, and by serving demands for discovery.

In the order appealed from, the Supreme Court granted that branch of the defendants' motion which was to compel Justin Willer and Kleinman to proceed with arbitration of their claims, and directed that the balance of the action—to wit, Nadia Willer's claims against the defendants and the defendants' counterclaims against her—shall proceed. The plaintiffs appeal.

Although there was no written agreement to arbitrate in this case, where one party demands arbitration, and the other party accepts the demand, an oral agreement to arbitrate may be formed (*see Tal Tours [1996], Inc. v Goldstein*, 34 AD3d 786 [2006]; *Corbetta Constr. Co. v Driscoll Co.*, 17 AD2d 176, 179 [1962]). Oral agreements to arbitrate are not covered by CPLR article 75, and are referred to as "common-law arbitration" agreements (*Polednak v Country-Wide Ins. Co.*, 153 AD2d 930, 931 [1989]; *Matter of Hellman [Wolbrom]*, 31 AD2d 477, 481 [1969]). Here, it is undisputed that Justin Willer invited Kleinman to proceed to arbitration, and Kleinman accepted that invitation, forming an oral agreement to arbitrate, which was enforceable (*see Tal Tours [1996], Inc. v Goldstein*, 34 AD3d 786 [2006]).

However, the defendants, by their conduct in this lawsuit, waived arbitration. As this Court explained in *Reynolds & Reynolds Co., Automotive Sys. Div. v Goldsmith Motor Corp.* (251 AD2d 312, 313 [1998]), "[t]here is no inflexible or mechanical rule as to what constitutes a waiver of the right to arbitrate. Rather, determination of the issue depends on the facts and circumstances of each particular case . . . Among the factors to be considered are the extent of the party's participation in litigation and conduct inconsistent with the assertion of a right to arbitrate, the delay in seeking arbitration, and whether the other party has been prejudiced" (citations omitted).

While a party who commences an action waives arbitration, the same cannot be said for a defendant (*see De Sapio v Kohlmeyer*, 35 NY2d 402, 405 [1974]). A defendant who submits an answer, or submits a pre-answer motion to dismiss the action, does not waive arbitration, especially if the arbitrability of the controversy is asserted as a ground to dismiss the action (*see Flynn v Labor Ready*, 6 AD3d 492 [2004]; *Spatz v Ridge Lea Assoc.*, 309 AD2d 1248 [2003]; *Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614 [1999]). However, in the instant case, the defendants asserted counterclaims related to issues in the main action, against both plaintiffs, including Nadia Willer, who is united in interest with Justin Willer, but is not a party to any arbitration agreement (*see Dembitzer v Chera*, 305 AD2d 531, 532 [2003]). Further, the defendants sought and obtained discovery (*see De Sapio v Kohlmeyer*, 35 NY2d 402, 405 [1974]). Although it is not clear from the record why the parties never proceeded to arbitration in August 2001, after Kleinman agreed to do so, there is no indication that Kleinman took any steps to expeditiously proceed to arbitration. The delay in seeking to proceed to arbitration is another factor to consider (*see Reynolds & Reynolds Co., Automotive Sys. Div. v Goldsmith Motor Corp.*, 251 AD2d at 313).

Under the totality of the circumstances, the defendants waived arbitration. Accordingly, that branch of their motion which was to compel Justin Willer and Kleinman to proceed with arbitration of their claims should have been denied. Skelos, J.P., Lott, Cohen and Hinds-Radix, JJ., concur.