<partyblock>

Philip Toscano, Respondent,

against

Michael Weiss, Appellant.

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered September 23, 2014. The order granted the branch of plaintiff's motion seeking summary judgment dismissing defendant's counterclaims and denied defendant's cross motion to compel arbitration.

ORDERED that the order is affirmed, without costs.

In June 2007, defendant retained plaintiff to provide architectural services in connection with defendant's intended erection of an apartment building in Brooklyn, New York (the project). Plaintiff seeks in this action to recover the principal sum of $17,236.85 for architectural fees allegedly due him pursuant to the parties' contract. In his answer, dated January 7, 2014, defendant set forth, in addition to six affirmative defenses, two counterclaims
but failed to assert a right to arbitration. Although defendant also served a notice of deposition, there was no discovery. In July 2014, plaintiff moved to dismiss defendant's counterclaims pursuant to CPLR 3211 (a) (5) and (7), and for summary judgment dismissing the counterclaims, based on the statute of limitations and on the merits. It was only thereafter, on August 20, 2014, that defendant, in addition to opposing plaintiff's motion, cross-moved to compel arbitration. The Civil Court granted the branch of plaintiff's motion seeking summary judgment dismissing the counterclaims and denied defendant's cross motion.

The Civil Court properly denied defendant's cross motion. Although the parties' contract contained a mandatory arbitration clause and New York has a "long-standing public policy favoring arbitration" as a means of conserving the time and resources of the courts and the contracting parties (Matter of Smith Barney Shearson v Sacharow, 91 NY2d 39, 49 [1997]; see also American Ind. Ins. Co. v Art of Healing Medicine, P.C., 104 AD3d 761, 762 [2013]; Shah v Monpat Constr., Inc., 65 AD3d 541, 543 [2009]), a contractual right to arbitration may be waived or abandoned. While there is no inflexible or mechanical rule as to what constitutes a waiver of the right to arbitrate (see Willer v Kleinman, 114 AD3d 850, 851 [2014]), a party "may not compel arbitration when its use of the courts is  clearly inconsistent with [its] later claim that the parties were obligated to settle their differences by arbitration' " (Cusimano v Schnurr, 26 NY3d 391, 400 [2015], quoting Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d 59, 66 [2007]). Here, we are satisfied that defendant waived his contractual right to arbitrate this dispute by his [*2]litigation conduct, which included the assertion of a counterclaim for breach of the same contract under which plaintiff sought a recovery and a counterclaim seeking to recover based upon plaintiff's alleged malpractice in performing that contract, which counterclaims were, thus, "not separate and distinct" from plaintiff's cause of action (Spataro v Hirschhorn, 40 AD3d 1070, 1071 [2007]), without asserting the right to arbitration.

Defendant's contention that plaintiff's motion for summary judgment dismissing the counterclaims was premature is without merit, as defendant failed to demonstrate how discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within plaintiff's knowledge and control (see CPLR 3212 [f]; Joon Mgt. One Corp. v Town of Ramapo, 142 AD3d 587 [2016]).

In his counterclaim for breach of contract, defendant stated that plaintiff had been contractually obligated, but had failed, to submit documents to the New York City Department of Buildings (DOB) in time for defendant to obtain certain tax abatements. In support of the branch of his motion which was to dismiss that counterclaim, plaintiff stated that New York City had had a "421-a tax abatement program," which had been modified during the planning phase of the project, and that changes in the 421-a program had become effective in July 2008. He acknowledged that he had known of defendant's goal to avail himself of the earlier version of the 421-a tax abatement program, but denied that he had breached any contractual obligation to defendant. In support of that contention, plaintiff submitted a copy of the parties' contract, which stated that plaintiff's "work will have as its general intent the services required to obtain approval from the [DOB] for a new 6 story mixed use elevator building with multi-family (10 family) and commercial uses," but made no mention of the 421-a tax abatement program or a time frame for completion, and included a merger provision which specified that the contract represented the entire agreement between the parties. In opposition, defendant failed to identify any provision of the parties' contract which alluded to the 421-a tax abatement program or specified a time frame for the completion of plaintiff's services.

"  Construction of an unambiguous contract is a matter of law, and the intention of the parties may be gathered from the four corners of the instrument and should be enforced according to its terms' " (Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 584 [2015], quoting Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007]; see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]). "A contract is unambiguous if the language it uses has  a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (Kasowitz, Benson, Torres & Friedman, LLP v Duane Reade, 98 AD3d 403, 406 [2012], quoting Breed v Insurance Co. of N. Am., 46 NY2d 351, 355 [1978]). "Ambiguity is present if language was written so imperfectly that it is susceptible to more than one reasonable interpretation" (Brad H. v City of New York, 17 NY3d 180, 186 [2011]). Extrinsic evidence may be considered if a contract is ambiguous (id.; see also Innophos, Inc. v Rhodia, S.A., 10 NY3d 25, 29 [2008]). Courts may not by construction add terms and thereby make a new contract under the guise of interpreting the writing (see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d at 475); nor will courts imply a term in a contract where, as here, the parties' submissions indicate that, although they were both aware of defendant's goal to obtain 421-a tax abatements, their contract, which, by its terms, incorporated the entire agreement of the parties, omitted any requirement that plaintiff make specific filings in accordance with a particular time frame (see Reiss v Financial Performance Corp., 97 NY2d 195 [2001]). As defendant was unable to identify any ambiguity in the parties' contract which would justify resort to extrinsic evidence, or any provision of the parties' contract which plaintiff breached, we conclude that the Civil Court properly granted the branch of plaintiff's motion seeking summary judgment dismissing defendant's counterclaim for breach of contract.In his second counterclaim, defendant alleged that, by reason of plaintiff's failure to submit documents to the DOB in time for defendant to receive a 421-a tax abatement, plaintiff had committed architectural malpractice. In an affidavit in support of his motion, plaintiff demonstrated that he [*3]was a licensed architect. Plaintiff recounted in detail the history of his communications with defendant and his submissions of documents to the DOB on defendant's behalf, identified a number of delays in the project which he attributed to defendant, and opined, as an expert in the field of architecture and with personal knowledge of all aspects of the project, that he had performed in accordance with the accepted standards of practice for architects. In opposition, defendant denied having impeded the process or having otherwise prevented plaintiff from filing an application with the DOB within a time frame which would have enabled defendant to receive a 421-a tax abatement.

Whether, even absent a contractual time frame, plaintiff's allegedly inordinate delays in making submissions to the DOB constituted architectural malpractice is an issue which is not within the competence of an untutored layperson to determine (see 530 E. 89 Corp. v Unger, 43 NY2d 776 [1977]). Plaintiff's submission of his own affidavit was sufficient to make out a prima facie case that he had not committed malpractice (see Monzon v Brown, 130 AD3d 884 [2015]) and to trigger defendant's obligation to submit expert evidence to establish the existence of a triable issue of fact, which he failed to do. The Civil Court therefore properly granted the branch of plaintiff's motion seeking summary judgment dismissing defendant's second counterclaim.

In light of the foregoing, we reach no other issue.

Accordingly, the order is affirmed.

Elliot, J.P., Pesce and Solomon, JJ., concur.

Decision Date: January 20, 2017

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>