**Ahmed v Executive Le Soleil N.Y. LLC**

2026 NY Slip Op 30617(U)

February 17, 2026

Supreme Court, New York County

Docket Number: Index No. 161038/2025

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JUDY H. KIM**     PART     **04**

*Justice*

-------------------------------------------------------------------------------X

MOHAMMED AHMED,

            Plaintiff,

            - v -

EXECUTIVE LE SOLEIL NEW YORK LLC, FLORENCIO FERRAO, NOEL D'COUTO, HANIF MAWJI, LISA JACKSON, JOHN DOES,

            Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161038/2025 |
| MOTION DATE | 09/20/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 51, 53, 54, 55, 56, 57, 58, 59

were read on this motion for         JUDGMENT - DEFAULT       .

Upon the foregoing documents, plaintiff's motion for a default judgment is denied and defendants' cross-motion to compel plaintiff to accept their answer and to arbitrate her claims raised in this action is granted.

As a threshold matter, that branch of defendants' cross-motion to compel plaintiff to accept their untimely Answer is granted. To the extent the Answer[1] was filed ten days after defendant Ferrao's deadline to Answer, the Court excuses this de minimis delay, which has not prejudiced plaintiff (*see Bey v Sobro Local Dev. Corp.*, 177 AD3d 448, 449 [1st Dept 2019]). Where, as here, defendants have not yet been held in default, no affidavit of merit is required to grant this relief

---

[1] To the extent the Answer was not verified, any defect created by these failures (cf. CPLR 2106) was cured by the defendants' resubmission of this Answer, notarized. Contrary to defendant's claim, Ferrao can verify the Answer under CPLR 3020(d).

**161038/2025   AHMED, MOHAMMED vs. EXECUTIVE LE SOLEIL NEW YORK LLC ET AL**     **Page 1 of 5**
 Motion No.  001

1 of 5

(*Watts v Garcia*, 222 AD3d 568 [1st Dept 2023]). In light of the foregoing, plaintiff's motion for a default judgment as against Ferrao is denied as moot.

The branch of defendants' cross-motion to compel arbitration is also granted. CPLR 7503 provides, in relevant part, that:

> A party aggrieved by the failure of another to arbitrate may apply for an order compelling arbitration. Where there is no substantial question whether a valid agreement was made or complied with, and the claim sought to be arbitrated is not barred by limitation under subdivision (b) of section 7502, the court shall direct the parties to arbitrate.

(CPLR 7503[a]). Here, plaintiff's employment agreement with defendant Executive Le Soleil New York LLC provides that:

> In the event of any actual or alleged events, claims or disputes in connection with or concerning or arising out of your employment, or the administration or termination of your employment, including those based upon alleged violations of federal and/or state laws, including, but not limited to Title VII, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the family and Medical Leave Act, the Washington Family Rights Act, and Washington Fair Employment and Housing Act, you and the Company hereby elect to have the matter, dispute grievance or claim heard by an independent arbitrator in accordance with the procedure of the American Arbitration Association ("AAA") pursuant to its National Rules for the Resolution of Employment Disputes. You and the Company understand that by agreeing to this provision requiring the arbitration of any such matters, claims, disputes or grievances, you and the Company are giving up rights to a jury trial …
>
> By signing this letter and accepting employment with the Company, you and the Company agree that any and all real or alleged claims or disputes concerning or arising out of your employment or the administration or termination of your employment, including, but not limited to those based on alleged violations of federal and state laws, including but not limited to Title VII, the Americans, With Disabilities Act, the Age Discrimination in Employment Act, the Family and Medical Leave Act, the Washington Family Rights Act, and Washington Fair Employment and Housing Act, shall be resolved through arbitration as set forth above and you and we agree that the arbitration mechanism shall be the sole and exclusive forum for resolutions of any real or alleged issues or disputes between you and the Company, its affiliates or Executive and that the decision made in any such arbitration shall be final and binding upon the parties thereto.

(NYSCEF Doc No. 22, employment agreement at §J).

**161038/2025   AHMED, MOHAMMED vs. EXECUTIVE LE SOLEIL NEW YORK LLC ET AL**          **Page 2 of 5**
  **Motion No.  001**

2 of 5

[* 2]

"Generally it is for the courts to make the initial determination as to whether the dispute is arbitrable, that is whether the parties have agreed to arbitrate the particular dispute" (*Nationwide Gen. Ins. Co. v Inv'rs Ins. Co. of Am.*, 37 NY2d 91, 95 [1975] [internal citations and quotations omitted]). "[W]here the parties have adopted a broad arbitration clause" and there is "a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended" (*Remco Maintenance, LLC v CC Mgt. & Consulting, Inc.*, 85 AD3d 477, 480 [1st Dept 2011]). The retaliation claims raised here are, on their face, claims arising out of the termination of plaintiff's employment based upon defendants' alleged violation of New York State law and therefore fall within the arbitration clause of plaintiff's employment contract with Executive Hotel Le Soleil New York LLC (*see Xue Wen v American Bus. Inst. Corp.*, 2020 NY Slip Op 31472[U]).

Plaintiff's arguments in opposition to the cross-motion are unavailing. Contrary to his claim, there are no threshold issues of contract formation to be adjudicated by this Court is unavailing. It is undisputed that plaintiff signed the agreement at issue and, by that agreement's plain terms, by doing so he agreed to arbitrate the type of claims asserted here. Plaintiff's argument that defendants waived their right to seek arbitration simply by interposing an Answer (after requesting an extension of time to do so) is also without merit, particularly where this Answer "rais[ed] the requirement of arbitration as an affirmative defense" (*Ruttura & Sons Const. Co., Inc. v J. Petrocelli Const., Inc.*, 257 AD2d 614, 615 [2d Dept 1999]).

Accordingly, it is

**ORDERED** that the branch of plaintiff's motion for a default judgment is denied; and it is further

**ORDERED** that the branch of defendants' cross-motion to compel plaintiff to accept their answer is granted to the extent that defendants' answer is deemed timely filed and served, nunc pro tunc; and it is further

**ORDERED** that the branch of defendants' motion seeking to compel arbitration pursuant to CPLR 7503(a) and to stay this action pending arbitration is granted; and it is further,

**ORDERED** that the plaintiff shall arbitrate his claims against the defendants in accordance with the parties' agreement; and it is further

**ORDERED** that this action is stayed pending the parties' completion of arbitration; and it is further

**ORDERED** that defendants shall serve a copy of this decision and order, with notice of entry, on plaintiff and the Clerk of the Court within ten days of the date of this decision and order; and it is further

**ORDERED** that service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for

161038/2025   AHMED, MOHAMMED vs. EXECUTIVE LE SOLEIL NEW YORK LLC ET AL        **Page 4 of 5**
   Motion No.  001

[* 4]

4 of 5

Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).

This constitutes the decision and order of the Court.

| | | | |
|---|---|---|---|
| **2/17/2026** | | | **HON. JUDY H. KIM, J.S.C.** |
| **DATE** | | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

161038/2025   AHMED, MOHAMMED vs. EXECUTIVE LE SOLEIL NEW YORK LLC ET AL          Page 5 of 5
Motion No.  001

5 of 5

[* 5]