■ NAFTALI Z. DEMBITZER et al., Respondents, v MORRIS CHERA et al., Appellants, et al., Defendant. [761 NYS2d 60] —In an action, inter alia, to enjoin the use of certain real property, the defendants Morris Chera, Sari Chera, and Kemmy Safdie appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), entered March 16, 2001, as purportedly denied that branch of their motion which was to confirm a final award of a beth din dated March 4, 1999, and, in effect, denied those branches of their motion which were to compel arbitration, cancel a notice of pendency filed by the plaintiffs, and to dismiss the action insofar as asserted against them, and granted that branch of the plaintiffs' cross motion which was to compel certain disclosure; the defendant Michael Safdie separately appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and the defendant Sarmo Management Corp. separately appeals from the same order.

Ordered that the appeal by the defendant Sarmo Management Corp. is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the appeal by the defendants Morris Chera, Sari Chera, and Kemmy Safdie from so much of the order as purportedly denied that branch of their motion which was to confirm the final award of the beth din is dismissed; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Michael Safdie for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor provisions granting the motion, dismissing the complaint insofar as asserted against that defendant, and severing the action against the remaining defendants; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant Michael Safdie, payable by the plaintiffs.

The plaintiffs own real property adjoining realty allegedly owned by the defendant Kemmy Safdie and occupied by the

defendants Morris Chera and Sari Chera. This dispute arose when those defendants allegedly performed illegal construction on their property, which caused damage to the plaintiffs' property. In an effort to settle that dispute, the plaintiff Naftali Dembitzer and the defendant Morris Chera agreed to submit to arbitration before a beth din. No other party signed the arbitration agreement. The beth din held hearings in 1998, and rendered a final award on March 4, 1999, which, inter alia, determined several of Dembitzer's property damage claims. The award further stated that "in the future any claim must be brought before a Jewish Court."

The plaintiffs then commenced this action, alleging, inter alia, that the use and occupancy of the Chera/Safdie property is illegal under applicable law, and that Morris and Sari Chera, and Kemmy and Michael Safdie engaged in a course of conduct that continued after the final award of the beth din issued, designed to intimidate and harass the plaintiffs and their children. Among other things, the plaintiffs seek declaratory and injunctive relief, as well as damages against those defendants for their alleged intentional infliction of emotional distress.

The Supreme Court properly denied that branch of the motion of Morris Chera, Sari Chera, and Kemmy Safdie, made, inter alia, pursuant to the final award of the beth din, which was to compel arbitration of the parties' disputes. Morris Chera waived any alleged right he may have had to insist upon an arbitral forum by affirmatively participating in the disclosure process in this litigation (*see De Sapio v Kohlmeyer,* 35 NY2d 402 [1974]). Further, Sari Chera and Kemmy Safdie did not expressly agree to arbitrate (*see Matter of Waldron,* 61 NY2d 181, 183 [1984]).

However, the Supreme Court erred in denying Michael Safdie's motion for summary judgment dismissing the complaint insofar as asserted against him. Michael Safdie established his prima facie entitlement to summary judgment by submitting an affidavit in which he averred that he had no interest in the subject premises, no involvement in the construction on the premises, and no involvement in the financing of its purchase. Thereafter, it was incumbent upon the plaintiffs to lay bare their proof in opposition to the motion, and to submit evidentiary facts sufficient to raise a triable issue of fact (*see Haider v Rahim,* 273 AD2d 442 [2000]). Conclusory and unsubstantiated assertions were insufficient to defeat summary judgment dismissing the plaintiffs' first through sixth and ninth through twelfth causes of action against Michael Safdie.

Michael Safdie's conduct, of which the plaintiffs complain, even if true, was not sufficiently outrageous to state a cause of action alleging intentional infliction of emotional distress (*see Howell v New York Post Co.,* 81 NY2d 115, 126 [1993]; *Sokol v Marchesano,* 291 AD2d 394, 395 [2002]). In addition, their claim against him sounding in prima facie tort must fail because they failed to allege special damages with sufficient particularity (*see Freihofer v Hearst Corp.,* 65 NY2d 135, 143 [1985]; *Pappas v Passias,* 271 AD2d 420, 421 [2000]). Accordingly, the plaintiffs' seventh and eighth causes of action against Michael Safdie should also have been dismissed.

The portion of the appeal by Morris Chera, Sari Chera, and Kemmy Safdie which is from so much of the order as purportedly denied that branch of their motion which was to confirm the March 4, 1999, final award of the beth din must be dismissed, as the Supreme Court failed to determine that branch of the motion, and it remains pending and undecided (*see Matter of Valley Forge Ins. Co. v Schofield,* 283 AD2d 507 [2001]; *Katz v Katz,* 68 AD2d 536 [1979]).

The remaining contentions of Morris Chera, Sari Chera, and Kemmy Safdie are without merit. Ritter, J.P., H. Miller, Crane and Cozier, JJ., concur.