■ Yen-Fu Chen, Appellant, v Oheka Catering, LLC, et al., Respondents. [15 NYS3d 354]—

In an action, inter alia, to recover deposits on a catering contract and a facility rental contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated July 23, 2014, which denied his motion for summary judgment on the complaint and, in effect, upon searching the record, awarded summary judgment to the defendants dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability with respect to the cause of action to recover his catering deposit insofar as asserted against the defendant Oheka Catering, LLC, and, in effect, searching the record and awarding summary judgment to the defendants dismissing that cause of action, and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

In 2012, the plaintiff entered into a contract with the defendant Oheka Management, LLC (hereinafter Oheka Management), for the rental of that defendant's facility for a wedding, and paid a deposit on the contract to that defendant. Contemporaneously therewith, the plaintiff entered into a separate contract with the defendant Oheka Catering, LLC (hereinafter the Caterer), to provide catering services for the event, to be held on May 28, 2013. The plaintiff also paid a deposit on this contract to the Caterer. In August 2012, approximately nine months before the scheduled event, the plaintiff advised the defendants of the cancellation of the wedding, and over the ensuing nine months, he attempted to negotiate the return of his deposits, which were characterized as non-refundable in the subject contracts. It is undisputed that the date selected by the plaintiff for the wedding was never rebooked by another party, and that the defendants refused to return any portion of the plaintiff's deposits.

The plaintiff subsequently commenced this action to recover the deposits, alleging, inter alia, that the defendants' retention of the deposits violated section 365-3 of the Code of Suffolk County (hereinafter the County Code), a consumer protection law requiring the return of catering deposits to consumers under certain circumstances. Following joinder of issue, the plaintiff moved for summary judgment on the complaint. The Supreme Court denied his motion and, in effect, searched the

record and awarded summary judgment to the defendants dismissing the complaint, concluding that they had not violated County Code § 365-3 because they made diligent efforts to rebook the subject date, and their retention of the deposits was proper because the contracts permitted it and the defendants had suffered actual damages due to the cancellation of the plaintiff's event. We now modify so as to grant that branch of the plaintiff's motion which was for summary judgment on the issue of liability with respect to the cause of action for the return of his deposit from the Caterer.

Initially, the Supreme Court properly determined that Oheka Management was entitled to retain the plaintiff's deposit under the facility rental contract, since the contract authorized the retention, and the ameliorative provisions of County Code § 365-3 expressly apply only to "caterers," which the County Code defines as "[a]ny person or business engaged in serving food or beverages for private functions in Suffolk County" (Code of Suffolk County § 365-2). Since the defendant Oheka Management is not a "caterer" within the meaning of this provision, it is not subject to County Code § 365-3. Moreover, the record demonstrates that the plaintiff's contention that the defendants did not sustain any damages as a result of his cancellation is without merit.

However, the Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability with respect to the cause of action to recover his catering deposit from the caterer, and in, in effect, searching the record and awarding the defendants summary judgment dismissing that cause of action. County Code § 365-3 limits the funds which caterers can retain in the event of a cancellation to certain "cancellation fees." Hence, County Code § 365-3 (B) (1) recites that, if a caterer is able to rebook the date after a cancellation, its cancellation fee will be limited to the lesser of 5% of the total contract price or $100, whichever is lower, plus actual expenses reasonably incurred. However, County Code § 365-3 (B) (2) provides that, if the caterer is unable to rebook the date, the cancellation fee "may not exceed the difference between the total contract price and the cost of performance, plus actual expenses reasonably incurred." The more generous cancellation fee allowed under the latter subdivision is contingent, however, on a caterer's ability "to show [that it made] diligent efforts to rebook" (Code of Suffolk County § 365-3 [B] [2]). Finally, County Code § 365-3 (B) (3) establishes a presumption that a caterer who receives a notice of cancellation six months or more before an event date will be able to rebook the date.

Contrary to the Supreme Court's determination, the plaintiff established his prima facie entitlement to the return of his catering deposit, less the cancellation fee authorized by County Code § 365-3 (B) (1), by demonstrating that he paid the deposit, that he cancelled his function six months or more before the scheduled date, thus giving rise to the presumption in County Code § 365-3 (B) (3) that the Caterer would be able to rebook the date, and that the Caterer retained his full deposit (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). This shifted the burden to the Caterer to demonstrate the existence of a triable issue of fact as to its use of diligent efforts to rebook the date, thereby entitling it to the greater cancellation fee authorized by County Code § 365-3 (B) (2) (*see generally Jessabell Realty Corp. v Gonzales*, 117 AD3d 908, 909 [2014]; *Gargiulo v Geiss*, 40 AD3d 811, 811-812 [2007]; *Rosenzweig v Singer*, 18 AD3d 853, 853-854 [2005]). However, the Caterer failed to raise a triable issue of fact in opposition to this branch of the plaintiff's motion, since it merely submitted conclusory assertions of due diligence, unsupported by any specific or detailed facts (*see generally S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 342-343 [1974]; *Popalardo v Marino*, 83 AD3d 1029, 1030 [2011]; *Dembitzer v Chera*, 305 AD2d 531, 532 [2003]; *V. Savino Oil & Heating Co. v Rana Mgt. Corp.*, 161 AD2d 635 [1990]). Accordingly, that branch of the plaintiff's motion which was for summary judgment on the issue of liability with respect to the cause of action against the Caterer for the return of his catering deposit should have been granted, and we remit the matter to the Supreme Court, Suffolk County, for the purpose of calculating the cancellation fee under County Code § 365-3 (B) (1) which the Caterer may retain from that contract deposit. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.