Caputo v Citimortgage, Inc. (2018 NY Slip Op 06713)





Caputo v Citimortgage, Inc.


2018 NY Slip Op 06713


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-07355
 (Index No. 14548/13)

[*1]Frank J. Caputo, Jr., appellant, 
v
Citimortgage, Inc., respondent.


Peter M. Zirbes, Esq., P.C., Forest Hills, NY, for appellant.
Bryan Cave LLP, New York, NY (Noah M. Weissman and Laith J. Hamdan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered May 31, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant mortgagee, asserting causes of action sounding in breach of contract, unjust enrichment, and defamation. The complaint alleged, inter alia, that the defendant damaged the plaintiff's credit rating by erroneously reporting that the plaintiff had defaulted in making timely mortgage payments. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action through the affidavit of its business operations analyst and supporting business records, which demonstrated that the plaintiff failed to make timely mortgage payments on multiple occasions. In opposition, the plaintiff failed to raise a triable issue of fact, merely submitting his own unsupported assertions that the defendant mistakenly rejected several payments tendered by him. Such mere conclusory allegations, expressions of hope, or unsubstantiated assertions are insufficient to defeat a motion for summary judgment (see Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 967; S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 342-343; Yen-Fu Chen v Oheka Catering, LLC, 130 AD3d 808, 811).
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging unjust enrichment and defamation by demonstrating that the unjust enrichment cause of action was barred by the parties' contract governing the same subject matter (see Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607) and that the defamation cause of action was time-barred (see CPLR 215[3]). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint (see generally Zuckerman v [*2]City of New York, 49 NY2d 557).
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court