■ C. I. PLANNING, Also Known as C. I. MORTGAGE GROUP, Respondent-Appellant and Third-Party Petitioner-Appellant, v PATRICIA WEEKS, Appellant-Respondent. ELIHU NOVICK et al., Third-Party Respondents-Respondents.—Order of the Supreme Court, New York County (Leonard Cohen, J.), entered November 9, 1984, which denied respondent Weeks' motion for summary judgment, denied petitioner C. I. Planning's motion for summary judgment against tenant Weeks and its alterna-

tive summary judgment motion against third-party respondents Whaley and J. I. Sopher & Co., Inc. (Sopher), and which granted third-party respondent Sopher's cross motion against C. I. Planning to stay all proceedings against Sopher until arbitration was conducted between Sopher and C. I. Planning, is modified, on the law, to the extent of granting C. I. Planning summary judgment on and dismissing Weeks' second counterclaim for treble damages and reversing so much of the order as stayed C. I. Planning's third-party action against Sopher and compelled arbitration, and the order is otherwise affirmed, without costs and disbursements.

Respondent Patricia Weeks was a tenant in a building owned by petitioner cross-appellant C. I. Planning and managed by third-party respondent J. I. Sopher & Co., Inc. On or about December 26, 1978, the landlord commenced a summary dispossess proceeding against Weeks for nonpayment of rent, and a final judgment of possession and warrant of eviction was entered against Weeks, upon her default, on January 23, 1979. On February 1, 1979, Weeks tendered full payment of her arrearages to the building manager, Sopher, which was accepted. She alleges that she was informed that the summary proceeding was no longer pending against her. On or about March 16, 1979, while Weeks was allegedly out of town, City Marshal Norman Whaley executed a warrant of eviction and removed Weeks' property from the apartment. On March 19, 1979, Weeks discovered that she had been evicted. On the following day, she was, however, put back into possession by Sopher. Weeks claims that many of her belongings were not returned and a substantial portion of those returned was damaged. On or about March 28, 1979, a consent order was entered dismissing the previous summary proceeding.

When C. I. Planning commenced another summary proceeding for nonpayment of rent in April of 1979, Weeks responded with a counterclaim, seeking $100,000 in damages for the alleged illegal eviction. The nonpayment proceeding was dismissed and the counterclaim removed to Supreme Court. In November of 1982, the landlord, seeking indemnity, joined Sopher and Whaley as third-party respondents. In December of 1983, Weeks was permitted to amend her counterclaim to assert a claim for treble damages under RPAPL 853.

Subsequently, Weeks and C. I. Planning each moved for summary judgment on the question of liability and C. I. Planning also sought, in the alternative, summary judgment against Sopher and Whaley for indemnity. Sopher cross-moved

to compel arbitration between it and C. I. Planning and to stay the third-party action pending the arbitration. The court below, with the exception of failing to dismiss Weeks' counterclaim for treble damages, properly denied all motions for summary judgment, since the parties failed to meet their burden of demonstrating that no triable issues existed. However, Weeks' counterclaim for treble damages pursuant to RPAPL 853 must be dismissed.

Amended RPAPL 853, which was made effective on July 7, 1981, provides that a person is entitled to treble damages if that person is disseized, ejected, or put out of real property in a forcible or unlawful manner. Prior law only provided an action for treble damages upon an ejection committed in a forcible manner. The alleged "unlawful" eviction here occurred in 1979, thus prior to the amendment to RPAPL 853 which creates a new liability for an "unlawful" eviction not involving force or violence. Imposing as it does a new liability and because of the operation of the statutory construction rule that statutes and amendments are generally to be construed as having prospective application, unless the language of the statute clearly indicates otherwise, the amended RPAPL 853 is not to be applied retroactively. Accordingly, the counterclaim for treble damages for the alleged unlawful eviction must be dismissed. (*See, Sam & Mary Hous. Corp. v Jo/Sal Mkt. Corp.,* 100 AD2d 901.)

We are also persuaded to reverse that part of the order granting third-party respondent Sopher's motion to compel arbitration and stay the third-party action against it, pending the arbitration. This matter is not properly arbitrable since Sopher clearly manifested an intent to accept the judicial forum. Not only did Sopher delay 18 months before raising the arbitration issue, but it had also already asserted a counterclaim against C. I. Planning and a cross claim against Whaley. Such actions are sufficiently affirmative uses of the judicial process so as to be inconsistent with Sopher's later motion to compel arbitration. (*De Sapio v Kohlmeyer,* 35 NY2d 402, 405-406.) Concur—Kupferman, J. P., Ross, Carro, Fein and Lynch, JJ.