■ In the Matter of the Dissolution of PRINCETON INFORMATION, LTD. IRA PERKINS, Appellant; NOEL MARCUS, Respondent. [652 NYS2d 272] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered on or about January 5, 1995, which, in a proceeding pursuant to Business Corporation Law § 1104 to dissolve the subject corporation, granted respondent's motion to compel arbitration, and dismissed the petition with prejudice, unanimously modified, on the law, to reinstate the petition and to stay this dissolution proceeding, and otherwise affirmed, without costs.

The broad arbitration clause in the parties' shareholders' agreement clearly covers the subject matter of the dispute, which essentially concerns claimed breaches of those parts of the agreement relating to the management of the corporation. Contrary to petitioner's unpreserved claim, paragraph 11 of the shareholders' agreement, which provides that if a provision is found to be illegal, invalid or unenforceable the remaining clauses of the agreement will not be affected, does not make a judicial determination of validity, legality or enforceability of any of the provisions a condition precedent to arbitration. Nor does the shareholders' agreement make a determination of the stock purchase price a condition precedent to arbitration of disputes relating to management breaches. However, it was error to dismiss the proceeding, rather than stay it, since a judicial action may be required after the arbitration (*see, Matter of Stewart Becker, Ltd. v Horowitz*, 94 Misc 2d 766, 772), and, notably, even respondent did not request dismissal of the petition. We have reviewed petitioner's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.