■ In the Matter of AIU Insurance Company, Appellant, v Jose Cabreja, Respondent, et al., Respondents. [754 NYS2d 253] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered October 10, 2001, dismissing the petition to stay arbitration permanently, unanimously reversed, on the law, without costs or disbursements, the petition reinstated and the matter remanded for a framed issue hearing as to whether the offending vehicle was misidentified.

On October 10, 1998, claimant Jose Cabreja, while operating his automobile, insured by petitioner AIU Insurance Company, was struck by a motor vehicle whose driver fled the scene. As reflected in the police report, Cabreja, however, was able to record the license plate number of the fleeing vehicle, identified as owned by Magna Arroyo and insured by GEICO. By letter dated April 15, 1999, GEICO advised Cabreja's attorneys that Arroyo, its insured, "denied any and all involvement in this accident" and that "[b]ecause our insured's vehicle was not involved in this accident, all claims for liability are denied." Thereafter, on July 24, 2001, Cabreja served a demand for arbitration of his uninsured motorist claim on AIU, which, within the time prescribed, moved to stay arbitration on the ground that the accident complained of did not involve an uninsured motorist since Arroyo was covered by a policy of insurance issued by GEICO. In support of its petition, AIU produced a New York Department of Motor Vehicles registration record showing GEICO as the insurance carrier for the Arroyo vehicle at the time of the accident. The IAS court dismissed the petition, describing Cabreja's claim as involving a hit-and-run accident, rather than one involving the GEICO-insured vehicle referred to in the police accident report. Resolution of the issue of whether the offending vehicle was uninsured, the court held, was for the arbitrator. AIU appeals, arguing that its proof that the Arroyo vehicle was insured was unrebutted and arbitration should have been permanently stayed. At the very least, it argues, a framed issue hearing should be held as to the identity of the offending vehicle. We reverse.

The party seeking a stay of arbitration has the burden of showing sufficient facts to establish justification for the stay (*see Matter of Empire Mut. Ins. Co. [Zelin]*, 120 AD2d 365, 366). Where, however, "there is a genuine triable issue * * * the appropriate procedure is to stay arbitration pending a trial of the threshold issue" (*id.*). Since, in view of Arroyo's denial of any involvement in the accident, as reflected in the GEICO letter submitted by AIU itself, there is an obvious conflict as to whether the offending vehicle was properly identified, an issue is posed which is for judicial, not arbitral, resolution (*see Matter of Allstate Ins. Co. v Jacobs*, 85 AD2d 542). We remand for a framed issue hearing on that question. Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.