DAVID SPATZ et al., Respondents-Appellants, v RIDGE LEA ASSOCIATES, LLC, et al., Appellants-Respondents. [765 NYS2d 84] —Appeal and cross appeal from an order of Supreme Court, Erie County (Makowski, J.), entered January 24, 2003, which, inter alia, denied defendants' motion to compel arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion and as modified the order is affirmed without costs.

Memorandum: In August 1981, plaintiffs David Spatz and Frank J. Zappala, Jr., Frank J. Nascone, and defendant Bernard I. Obletz became cotenants of property managed by defendant First Amherst Development Corp. In January 1998, the cotenants formed defendant Ridge Lea Associates, LLC (RLA) and transferred a portion of their interest in the property to RLA. Plaintiffs commenced this action in December 2000 and, by their amended complaint filed in June 2001, sought an accounting and access to the books, documents, agreements, and financial records pertaining to the property. Plaintiffs also sought, "if shown by the accounting," a dissolution of the cotenancy and partition of the property, dissolution of RLA, liquidation of RLA property and various other forms of relief.

Supreme Court erred in denying defendants' motion to compel arbitration. Plaintiffs do not dispute that the subject matter of the lawsuit is covered by the broad arbitration agreement contained in the cotenancy agreement and management contract signed by the parties in August 1981. Plaintiffs contend, however, that defendants waived their right to

arbitrate this dispute by their delay in filing the motion to compel arbitration and by their participation in this litigation. We disagree. While the right to arbitrate may be waived or abandoned by a party (see *Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272 [1985]), "[t]he crucial question * * * is what degree of participation by the defendant[s] in the action will create a waiver of a right to stay the action" (*De Sapio v Kohlmeyer*, 35 NY2d 402, 405 [1974]). Where "the defendant[s'] actions are consistent with an assertion of the right to arbitrate, there is no waiver" (*id.*). On the other hand, where defendants "clearly manifest[ ] an intent to accept the judicial forum," they will have waived the right to arbitrate (*C.I. Planning v Weeks*, 112 AD2d 854, 856 [1985]; see *De Sapio*, 35 NY2d at 405). In this case, defendants did not waive their right to arbitrate. Defendants raised arbitration as an affirmative defense in their July 2001 answer to the amended complaint. By order entered January 2002, the court allowed plaintiffs to have access to the books, records, and documents of the cotenancy and RLA, and that order specifically stated that defendants retained all rights to arbitration. After allowing plaintiffs access to the books, records, and documents with no resolution of the action, defendants moved to compel arbitration in September 2002. Under these circumstances, where defendants timely asserted their right to arbitrate and did not obtain any discovery relief from the court, they did not waive their right to arbitrate this dispute (cf. *Sherrill*, 64 NY2d at 270; *De Sapio*, 35 NY2d at 406; *C.I. Planning*, 112 AD2d at 854). Contrary to the contention of defendants, however, our determination granting their motion to compel arbitration results in a stay of the action, rather than dismissal (see CPLR 7503 [a]; *Matter of Princeton Info.*, 235 AD2d 234 [1997]; see also *General Mills v Steuben Foods*, 244 AD2d 868, 868 [1997]).

In view of our determination with respect to defendants' motion, we further conclude that the court properly denied that part of plaintiffs' cross motion for summary judgment dissolving RLA. Once a court determines that the parties agreed to arbitrate the subject matter in dispute, the "role [of the court] has ended and [it] may not proceed to decide whether particular claims are tenable" (*Matter of Praetorian Realty Corp. [Presidential Towers Residence]*, 40 NY2d 897, 898 [1976]; see CPLR 7501; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307 [1984]). In this case, the subject matter of plaintiffs' amended complaint, including the request for dissolution of the cotenancy and RLA, is encompassed by the broad arbitration agreement. Plaintiffs are thus not entitled to summary judgment dissolving RLA because it is for the arbitrator to determine in the

first instance whether plaintiffs are entitled to dissolution of RLA.

The court also properly denied that part of plaintiffs' cross motion seeking to enjoin defendants from managing the affairs of RLA and the cotenancy. Plaintiffs failed to show that any award to which they might ultimately be entitled "may be rendered ineffectual without" that provisional relief (CPLR 7502 [c]; *see Matter of Ottimo v Weatherly Sec. Corp.*, 306 AD2d 287 [2003]; *Erber v Catalyst Trading*, 303 AD2d 165 [2003]). Plaintiffs also did not establish that defendants were hiding or dissipating any assets (*see Spiegel v Blair & Co.*, 289 AD2d 22, 23 [2001], *lv denied* 97 NY2d 612 [2002]). Finally, the court properly denied that part of plaintiffs' cross motion seeking to disqualify Renaldo & Myers, P.C. as attorneys for defendants, particularly in light of plaintiffs' delay in requesting that relief (*see generally S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.*, 69 NY2d 437, 443-444 [1987]). We decline to consider plaintiffs' remaining contentions, which are either not preserved for our review or outside the notice of cross appeal. We therefore modify the order by granting defendants' motion. Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Hayes, JJ.