█ In the Matter of SSL International, PLC, et al., Appellants, et al., Petitioner, v Gerald P. Zook, Respondent. [843 NYS2d 264]—

Order and judgment (one paper), Supreme Court, New York County (Faviola A. Soto, J.), entered July 26, 2006, which denied

petitioners-appellants' application to stay arbitration, granted respondent's cross motion to compel arbitration, and dismissed the petition, unanimously affirmed, with costs.

Having moved this Court, albeit unsuccessfully, for a stay of arbitration pending the appeal, appellants did not waive their right to pursue the appeal (*see Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d 255, 264 [1997]).

The court's determination to compel arbitration was appropriate. Respondent made a sufficient evidentiary showing that appellants exploited the 1997 license agreement between respondent and Silipos, Inc., by marketing products that utilized technology covered by the license agreement. Accordingly, respondent established that appellants, nonsignatories to the license agreement, were estopped from seeking to avoid an arbitration provision contained in the license agreement since they derived direct benefits from said agreement (*see HRH Constr. LLC v Metropolitan Transp. Auth.*, 33 AD3d 568, 569 [2006]; *see also Deloitte Noraudit A/S v Deloitte Haskins & Sells, U.S.*, 9 F3d 1060, 1064 [2d Cir 1993]). Appellants, by not coming forward with any evidence contesting respondent's position, failed to carry their burden of showing sufficient facts to establish justification for the stay (*see Matter of AIU Ins. Co. v Cabreja*, 301 AD2d 448, 449 [2003]). Concur—Tom, J.P., Mazzarelli, Friedman, Sullivan and Nardelli, JJ.