In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v ROBERT ARCIELLO, Appellant. [12 NYS3d 228]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary uninsured/underinsured motorist benefits, the appeal is from an order of the Supreme Court, Suffolk County (Santorelli, J.), dated September 12, 2014, which granted the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is denied.

Robert Arciello (hereinafter the insured) was involved in an automobile accident with another party (hereinafter the tortfeasor) on January 10, 2012, and subsequently commenced an action against the tortfeasor to recover for his injuries. The tortfeasor's insurer subsequently offered to settle the action for the full amount of the tortfeasor's policy. The insured's attorney then wrote a letter to the petitioner, Government Employees Insurance Company (hereinafter GEICO), which had issued a policy to the insured, notifying it of the settlement offer, and asked it to either consent to the settlement or advance the settlement amount to the insured, and then assume the prosecution of the action against the tortfeasor within 30 days, in accordance with the terms of both GEICO's policy with the insured and relevant regulations of the New York State Insurance Department (see 11 NYCRR 60-2.3 [f]). Although GEICO timely prepared a letter in response, which requested additional documentation and directed the insured not to settle the action without its written consent in the interim, GEICO did not send that letter to the insured's counsel, but instead sent it to another law firm at a different address. Accordingly, at some point after the expiration of the 30-day period, the insured settled with the tortfeasor for the amount of the policy.

The insured subsequently served GEICO with a demand for arbitration of his claim for supplementary uninsured/underinsured motorist (hereinafter SUM) benefits under his own policy and, in response, GEICO commenced this proceeding pursuant to CPLR article 75 to permanently stay the arbitration, arguing that the insured had improperly settled his action against the tortfeasor without its consent, as required by the policy. In seeking dismissal, GEICO relied upon its issuance of the letter requesting additional documentation regarding the settlement. The Supreme Court granted the petition and permanently stayed the arbitration. We reverse.

As a general rule, an insured who settles with a tortfeasor in violation of a policy condition requiring his or her insurer's consent to settle, thereby prejudicing the insurer's subrogation rights, is precluded from asserting a claim for SUM benefits under the policy (*see Weinberg v Transamerica Ins. Co.*, 62 NY2d 379 [1984]; *Matter of Travelers Home & Mar. Ins. Co. v Kanner*, 103 AD3d 736 [2013]; *Matter of Integon Ins. Co. v Battaglia*, 292 AD2d 527 [2002]; *Friedman v Allstate Ins. Co.*, 268 AD2d 558 [2000]). However, the language set forth in 11 NYCRR 60-2.3 (f), which must be included in all motor vehicle liability insurance policies in which SUM coverage has been purchased, creates an exception to this rule in situations where the insured advises the insurer of an offer to settle for the full amount of the tortfeasor's policy, which obligates the insurer either to consent to the settlement or to advance the settlement amount to the insured and assume the prosecution of the tort action within 30 days (*see Matter of Central Mut. Ins. Co. [Bemiss]*, 12 NY3d 648, 659 [2009]; *see generally Matter of Progressive Northeastern Ins. Co. v Cipolla*, 119 AD3d 946 [2014]; *Warner v New York Cent. Mut. Fire Ins. Co.*, 97 AD3d 1065 [2012]; *Day v One Beacon Ins.*, 96 AD3d 1678 [2012]). In the event that the insurer does not timely respond in accordance with this condition, the insured may settle with the tortfeasor without the insurer's consent, and without forfeiting his or her rights to SUM benefits (*see* 11 NYCRR 60-2.3 [f]; *Matter of Central Mut. Ins. Co. [Bemiss]*, 12 NY3d at 659).

Here, the burden was on GEICO to come forward with sufficient facts to establish justification for a stay of arbitration (*see Matter of AutoOne Ins. Co. v Umanzor*, 74 AD3d 1335 [2010]; *Matter of AIU Ins. Co. v Cabreja*, 301 AD2d 448 [2003]). GEICO's submission of its letter requesting additional documentation regarding the settlement, which was addressed to the wrong law firm at an address different from that of the law firm which had initially notified GEICO of the settlement offer, failed to sustain this burden. Nor did GEICO otherwise come forward with facts precluding the insured's entitlement to SUM benefits under the policy. Accordingly, the petition to permanently stay arbitration should have been denied. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.