■ PAC FUNG FEATHER CO. LTD., Defendant-Respondent, v PORTHAULT NA LLC, Defendant/Third-Party Plaintiff-Appellant. DAVIDE FANELLI, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [33 NYS3d 691]—

Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about December 23, 2011, which granted the

motion of third-party defendant Davide Fanelli to dismiss Porthault's third-party claims against him and compel arbitration, unanimously modified, on the law and the facts, to reinstate those claims, and otherwise affirmed, without costs.

The issue of whether arbitration was properly compelled is moot in light of its termination upon Fanelli withdrawing his demand, but the issue of whether the motion court was correct in dismissing the third-party complaint is not moot. On this point, the court erred, and should have stayed, rather than dismissed, the claims, after granting the motion to compel arbitration (*see Matter of Princeton Info.*, 235 AD2d 234 [1st Dept 1997]). Nor is this appeal untimely, since none of the copies of the orders annexed to various instruments served below were stamped by a clerk with the date and place of entry, nor did the instruments themselves draw attention to the entry and note such a date (*see Matter of Reynolds v Dustman*, 1 NY3d 559, 561 [2003]).

Under the circumstances presented here, Porthault did not waive its right to appeal the order on review. While it preliminarily participated in the arbitration, it only agreed not to object to termination of that proceeding on the condition that Fanelli would submit himself to the jurisdiction of the Supreme Court in the underlying action and a reservation of its rights and remedies with respect to its third-party complaint against Fanelli (*compare Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d 255 [1997]; *Matter of SSL Intl., PLC v Zook*, 44 AD3d 429, 430 [1st Dept 2007]). Having made that agreement, Fanelli cannot now claim that Porthault waived its right to appeal the procedurally improper dismissal of that very action against him.

We have considered the parties' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Webber, JJ.