Matter of Progressive Northwestern Ins. Co. v Valenti (2019 NY Slip Op 02101)





Matter of Progressive Northwestern Ins. Co. v Valenti


2019 NY Slip Op 02101


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2018-01448
 (Index No. 58540/17)

[*1]In the Matter of Progressive Northwestern Insurance Company, appellant, 
v
Tina Valenti, respondent.


Jennifer S. Adams, Yonkers, NY (Michael A. Zarkower of counsel), for appellant.
Coiro, Wardi, Chinitz & Silverstein, Bronx, NY (Michael A. Chinitz of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated November 28, 2017. The order, insofar as appealed from, denied those branches of the petition which sought a permanent stay of arbitration or a framed-issue hearing on the issue of whether the insured settled her claim against the tortfeasors without the petitioner's consent.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Tina Valenti (hereinafter the insured) was involved in an automobile accident on August 7, 2005, and subsequently commenced an action against the driver of the other vehicle involved in the accident, among others (hereinafter collectively the tortfeasors), to recover damages for her personal injuries. The insured was insured by the petitioner, Progressive Northwestern Insurance Company (hereinafter Progressive). By letter dated January 29, 2014, the insured's attorney notified Progressive that "we are presently negotiating a settlement of [the insured's] third-party personal injury action. Defense counsel has advised us and provided the requisite proof of their insured's coverage of $50,000 and no excess or umbrella policies, copy unclosed. Unless there is any objection from you, we shall execute the appropriate settlement documents for the full policy amount . . . [and] then pursue a claim for the under-insured provisions of your policy." The letter stated the insured's policy number. When the insured received no response to that letter, she proceeded with the settlement on April 29, 2014, for $50,000, and forwarded the relevant documents to Progressive. By letter dated October 16, 2014, Progressive notified the insured that its file on the matter was closed. The settlement funds were released on November 1, 2014.
By letter dated December 10, 2014, the insured's counsel informed Progressive of the insured's intention to pursue her claim for supplementary underinsured motorist (hereinafter SUM) benefits under her policy. Progressive disclaimed coverage by letter dated January 19, 2015, on the ground that the release was signed without Progressive's permission or written consent.
The insured demanded arbitration of her claim for SUM benefits and, in response, [*2]Progressive commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration, based upon its contention that the insured had improperly settled her action against the tortfeasors without Progressive's consent. The Supreme Court, in the order appealed from, denied those branches of the petition which sought a permanent stay of arbitration or a framed-issue hearing on the issue of whether the insured settled her claim against the tortfeasors without the petitioner's consent. Progressive appeals. We affirm insofar as appealed from.
"As a general rule, an insured who settles with a tortfeasor in violation of a policy condition requiring his or her insurer's consent to settle, thereby prejudicing the insurer's subrogation rights, is precluded from asserting a claim for SUM benefits under the policy" (Matter of Government Empls. Ins. Co. v Arciello, 129 AD3d 1083, 1084; see Weinberg v Transamerica Ins. Co., 62 NY2d 379, 382-384; Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d 736, 737-738; Matter of Integon Ins. Co. v Battaglia, 292 AD2d 527, 527-528). "However, the language set forth in 11 NYCRR 60-2.3(f), which must be included in all motor vehicle liability insurance policies in which SUM coverage has been purchased, creates an exception to this rule in situations where the insured advises the insurer of an offer to settle for the full amount of the tortfeasor's policy, which obligates the insurer [to either] consent to the settlement or to advance the settlement amount to the insured and assume the prosecution of the tort action within 30 days" (Matter of Government Empls. Ins. Co. v Arciello, 129 AD3d at 1084; see Matter of Central Mut. Ins. Co. [Bemiss], 12 NY3d 648, 659). In the event the insurer does not timely respond in accordance with this condition, the insured may settle with the tortfeasor without the insurer's consent and without forfeiting his or her rights to SUM benefits (see Matter of Government Empls. Ins. Co. v Arciello, 129 AD3d at 1084).
Here, the letter dated January 29, 2014, was sufficient notice of the proposed settlement. Contrary to Progressive's insistence otherwise, the letter unambiguously advised Progressive of the insured's intention to settle for the full amount of the tortfeasors' policy and invited Progressive to object. Progressive's failure to respond within 30 days entitled the insured to settle with the tortfeasors without forfeiting her right to SUM benefits under the policy (see id.). Moreover, there is no evidence to support Progressive's contentions that the absence of a claim number in the letter or the fact that the insured's counsel mailed it to Progressive's headquarters deprived Progressive of actual notice. Among other things, the insured's policy contains no specific instruction that the insured provide a claim number and requires only that written notice be provided "to us" in the event of a settlement.
As Progressive failed to satisfy its burden of showing the existence of sufficient evidentiary facts to justify a stay of arbitration (see id.; Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336), we agree with the Supreme Court's determination denying those branches of the petition which sought a permanent stay of arbitration or a framed-issue hearing on the issue of whether the insured settled her claim against the tortfeasors without the petitioner's consent.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court