Unitrin Direct Ins. Co. v Muriqi (2019 NY Slip Op 04178)





Unitrin Direct Ins. Co. v Muriqi


2019 NY Slip Op 04178


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-09989
 (Index No. 55917/17)

[*1]In the Matter of Unitrin Direct Insurance Company, et al., respondents, 
v
Anna Maria Muriqi, appellant.


Adams Law Firm, P.C., Bardonia, NY (Jeffrey M. Adams of counsel), for appellant.
Jacobson & Schwartz, LLP, Jericho, NY (Gary R. Schwartz of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplemental underinsured motorist benefits, Anna Maria Muriqi appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated August 25, 2017. The order granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is reversed, on the law and the facts, with costs, and that branch of the petition which was to permanently stay arbitration is denied.
On November 3, 2015, Anna Maria Muriqi (hereinafter the appellant) allegedly was injured in an automobile accident with a vehicle owned and operated by nonparty Christian Javier Vega, who was insured by Esurance. On the date of the accident, the appellant had her own automobile insurance policy, which included a supplementary uninsured/underinsured motorists (hereinafter SUM) endorsement, issued by the petitioners. By letter dated January 8, 2017, Esurance, on behalf of Vega, tendered its policy limit of $25,000 to the appellant to settle her claim against Vega.
The appellant demanded arbitration of her claim for SUM benefits from the petitioners. Thereafter, the petitioners commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration. The petitioners alleged that the appellant failed to comply with the terms and conditions of the subject insurance policy, namely, those relating to settling with a third party. The Supreme Court granted that branch of the petition which was to permanently stay arbitration.
"The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680 [internal quotation marks and citations omitted]; see Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002; Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, [*2]865; see Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d at 680).
Where "an automobile insurance policy expressly requires the insurer's prior consent to any settlement by the insured with a tortfeasor, failure of the insured to obtain such prior consent from the insurer constitutes a breach of the insurance contract" (Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d 736, 737; see Matter of MetLife Auto & Home v Zampino, 65 AD3d 1151, 1152-1153; Matter of State Farm Auto. Ins. Co. v Blanco, 208 AD2d 933, 934). "The failure to obtain such consent disqualifies the insured from availing himself or herself of the pertinent benefits of the policy, unless the insured can demonstrate that the insurer, either by its conduct, silence, or unreasonable delay, waived the requirement of consent or acquiesced in the settlement" (Matter of Travelers Home & Mar. Ins. Co. v Kanner, 103 AD3d at 737; see Matter of MetLife Auto & Home v Zampino, 65 AD3d at 1152-1153; Matter of State Farm Auto. Ins. Co. v Blanco, 208 AD2d at 934).
However, the provisions of language set forth in Insurance Regulation 35-D (see 11 NYCRR 60-2.3), which must be included in all motor vehicle liability insurance policies in which SUM coverage has been purchased, require, inter alia, that where an insured advises the insurer of an offer to settle for the full amount of the tortfeasor's policy, the insurer must either consent to the settlement or advance the settlement amount to the insured and assume the prosecution of the tort action within 30 days (see 11 NYCRR 60-2.3[f]; Matter of Central Mut. Ins. Co. [Bemiss], 12 NY3d 648, 657; Matter of Government Empls. Ins. Co. v Arciello, 129 AD3d 1083, 1084). Where the insurer does not timely respond in accordance with such condition, the insured may settle with the tortfeasor without the insurer's consent and without forfeiting his or her rights to SUM benefits (see 11 NYCRR 60-2.3[f]; Matter of Central Mut. Ins. Co. [Bemiss], 12 NY3d at 659; Matter of Government Empls. Ins. Co. v Arciello, 129 AD3d at 1084).
Here, the petitioners failed to come forward with sufficient facts to establish justification for a stay of arbitration (see Matter of Government Empls. Ins. Co. v Arciello, 129 AD3d at 1084). The petitioners' submissions demonstrated that the appellant executed a release with Esurance and Vega "after thirty calendar days actual written notice" to the petitioners, as provided for in Condition 10, which is required by Insurance Regulation 35-D to be part of the SUM endorsement. Consequently, the petitioners failed to establish that the appellant settled with Esurance and Vega in violation of a condition of the policy requiring the petitioners' consent to settle. Accordingly, that branch of the petition which was to permanently stay arbitration should have been denied.
The appellant's remaining contentions need not be addressed in light of our determination.
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court