Matter of Application for an Order Permanently Staying Arbitration between Govt. Empls. Ins. Co. v Hernandez (2021 NY Slip Op 01232)





Matter of Application for an Order Permanently Staying Arbitration between Govt. Empls. Ins. Co. v Hernandez


2021 NY Slip Op 01232


Decided on March 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 02, 2021

Before: Gische, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 652857/19 Appeal No. 13234 Case No. 2019-03343 

[*1]In the Matter of the Application for an Order Permanently Staying Arbitration Between Government Employees Insurance Company, Petitioner-Appellant,
v
Henry Hernandez, Respondent-Respondent, Country-Wide Insurance Company, et al., Proposed Additional Respondents-Respondents.


O'Connor McGuinness Conte Doyle Oleson Watson & Loftus, LLP, White Plains (Heather M. Haralambides of counsel), for appellant.
Law Office of Thomas Torto, New York (Thomas Torto of counsel), for Country-Wide Insurance Company, respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about July 25, 2019, which, to the extent appealed from, granted the petition for a permanent stay of arbitration to the extent of ordering a trial to determine if the adverse vehicle was insured on the date of loss and staying arbitration pending the trial, unanimously affirmed, without costs.
Petitioner established prima facie that it is entitled to a permanent stay of its insured's demand for arbitration on his claim for uninsured motorist benefits by submitting a police report and DMV records indicating that petitioner's insured, a pedestrian at the time, was struck by proposed additional respondent Felix Soto's vehicle, which left the scene of the accident after stopping briefly, and that Soto's vehicle was insured by proposed additional respondent Country-Wide Insurance Company (see Matter of AIU Ins. Co. v Cabreja , 301 AD2d 448 [1st Dept 2003]).
In opposition, Country-Wide admitted, via an attorney's affirmation, that it insured Soto's vehicle, but referred to a denial-of-coverage letter that it had sent to petitioner (and that petitioner had submitted with the petition) explaining that Soto had indicated that he had no involvement in the accident. This letter raises an issue of fact whether Country-Wide's insured was involved in the accident, which warrants a hearing (see id. at 449).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2021