Roberts v Rodgers & Hammerstein Holdings LLC (2022 NY Slip Op 04885)

Roberts v Rodgers & Hammerstein Holdings LLC

2022 NY Slip Op 04885

Decided on August 09, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 09, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 

Index No. 650698/21 Appeal No. 15859N Case No. 2021-03250 

[*1]Chapman Roberts, Plaintiff-Appellant,
v
Rodgers & Hammerstein Holdings LLC et al., Defendants-Respondents.

Leichtman Law PLLC, New York (David Leichtman of counsel), for appellant.
Ivan A. Saperstein P.C., New York (Ivan A. Saperstein of counsel), and Law Offices of Robert S. Besser, Santa Monica, CA (Robert S. Besser of the bar of the State of California, admitted pro hac vice, of counsel), for Rodgers & Hammerstein Holdings LLC, The Rodgers & Hammerstein Organization, Concord Theatricals Corp. and Broadway Asia Company, L.L.C., respondents.
Rosenberg, Giger & Perala P.C., New York (Matthew H. Giger of counsel), for Mike Stoller, The Estate of Jerome Leiber and Leiber Stoller Productions, Inc., respondents.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about August 6, 2021, which granted defendants' motions to compel arbitration and to stay the action, unanimously affirmed, without costs.
Plaintiff created the original vocal arrangements for the 1994 Broadway show Smokey Joe's CafÉ as an independent contractor pursuant to a 1994 agreement with nonparty L&S Broadway Company (the Broadway Producers), as amended in 1996 (the Vocal Arranger Agreement). That agreement entitles plaintiff to ongoing compensation for certain productions of the show. As relevant here, the agreement contains a clause requiring the arbitration of all disputes related to the agreement, and it further provides that the Broadway Producers may assign "all or any part of [their] rights" therein to third parties.
In the operative complaint, plaintiff alleges that defendants owe him compensation for their exploitation of his vocal arrangements, based upon the Broadway Producers having, in the mid-90s, transferred the payment obligations owed to plaintiff under the Vocal Arranger Agreement to The Estate of Jerome Leiber a/k/a The Jerome I. Leiber 1997 Family Trust, Mike Stoller, and Leiber Stoller Productions, Inc. (the L&S Defendants). In addition, plaintiff alleges that he is entitled to compensation pursuant to a 1999 agreement wherein the L&S Defendants authorized Rodgers & Hammerstein Holdings LLC, The Rodgers & Hammerstein Organization, and Concord Theatricals Corp. (the R&H Defendants) and others to license the musical and its vocal arrangements to theatrical companies and venues around the world (the R&H Agreement). The R&H Agreement includes a provision entitling plaintiff to payment for certain performances on terms identical to those in the Vocal Arranger Agreement. Relying on this payment provision, plaintiff alleges that the parties to the R&H Agreement intended to permit his enforcement of the agreement against the R&H Defendants. The R&H Agreement similarly contains a clause requiring arbitration of all claims related to the agreement.
Since plaintiff's claim for breach of contract is based on the Vocal Arranger Agreement's payment provision, the claim is related to an asserted breach of the agreement and is therefore subject to its arbitration clause (see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374 [2006]). Moreover, because plaintiff's claim for breach of contract invokes benefits incorporated into the R&H Agreement explicitly for plaintiff's benefit, his claim is also subject to that agreement's arbitration clause (see Matter of SSL Intl., PLC v Zook, 44 AD3d 429, 430 [1st Dept 2007]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 9, 2022