**Amant Found. Props., LLC v John O'Hara Co., Inc.**

2024 NY Slip Op 33562(U)

October 7, 2024

Supreme Court, New York County

Docket Number: Index No. 650137/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**                    PART                    11M

*Justice*

-------------------------------------------------------------------------------X

AMANT FOUNDATION PROPERTIES, LLC, AMANT PROPERTIES, LLC

                              Plaintiff,

                              - v -

JOHN O'HARA COMPANY, INC.,

                              Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650137/2024 |
| MOTION DATE | 01/09/2024, 03/01/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 13, 14, 15, 16, 29, 32
were read on this motion to/for                    STAY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 30, 31, 33
were read on this motion to/for                    COMPEL ARBITRATION                    .

Motion sequences numbers 001 and 002 have been consolidated for disposition[1].

In motion sequence number 001, petitioner AMANT FOUNDATION PROPERTIES, LLC and AMANT PROPERTIES, LLC (hereinafter "Amant") moves, pursuant to Article 75 of the CPLR, for an order permanently staying the arbitration proceeding commenced by respondent JOHN O'HARA COMPANY, INC. (hereinafter "JOHC") against petitioner pursuant to a November 29, 2023 demand for arbitration before the American Arbitration Association. In the alternative, petitioner also moves for an order directing that any award issued as part of the aforementioned arbitration, or as part of related pending litigation (hereinafter "the underlying action") be held in abeyance until both proceedings are fully resolved.[2]

---

[1] The Court would like to thank Stamatios Lathourakis, Esq., for his assistance in this matter.

[2] The underlying action, captioned *Amant Foundation Properties v John O'Hara Company Inc., et. als*., bearing index number 650143/2024 was commenced by respondent in New York State Supreme Court, County of New York, on January 9, 2024.

650137/2024   AMANT FOUNDATION PROPERTIES, LLC ET AL vs. JOHN O'HARA COMPANY, INC.
Motion No.  001 002

Page 1 of 11

1 of 11

[* 1]

In motion sequence number 002, respondent JOHC moves, pursuant to CPLR § 7503(a), for an order compelling petitioners to engage in expedited arbitration under General Business Law §756-B.3 before the American Arbitration Association in the matter designated as *John O'Hara Company, Inc., v Amant Properties, LLC and Amant Foundation Properties, LLC f/k/a 932 Grand Street, LLC* under Case No. 01-23-0005-7700 (hereinafter "the arbitration"). JOHC also moves to stay the underlying action under index number 650143/2024, commenced by respondent on January 9, 2024, until the arbitration sought by petitioner has been concluded, an opinion and award issued and, if sought by respondent, is confirmed.

## BACKGROUND

Petitioner Amant commenced the instant action on January 9, 2024. (*See* NYSCEF DOC. NO. 1). Petitioner seeks an order and judgment pursuant to CPLR § 7503(b) permanently staying and dismissing the arbitration proceeding commenced by Respondent JOHC pursuant to a demand for arbitration before the American Arbitration Association dated November 29, 2023. (*id*. at ¶ 1).

Amant alleges that JOHC (i) failed to comply with the statutory conditions precedent to filing for arbitration, (ii) the arbitration demand seeks relief that the arbitrator is not authorized to award and (iii) the mandatory and involuntary arbitration of General Business Law § 756-b violates the New York State Constitution, pursuant to CPLR § 1012 and Executive Law § 71. (*id*.).

Amant states that it is the owner of three adjacent and connected properties, located at 306 Maujer Street, Brooklyn, NY 11206, 315 Maujer Street, Brooklyn, NY 11206 and 932 Grand Street, Brooklyn, NY 11211. (*id*. at ¶ 6).

650137/2024   AMANT FOUNDATION PROPERTIES, LLC ET AL vs. JOHN O'HARA COMPANY, INC.
Motion No.  001 002

Page 2 of 11

On or about May 31, 2019, Amant entered into a construction agreement with JHOC whereupon JOHC would act as general contractor "in connection with a large-scale renovation project." (*id*. at ¶ 7).

Amant alleges that JOHC was required to "furnish all supervision, labor, material, fuel, power, tools, equipment, transportation, shop drawings, samples, and services necessary to provide, construct, fabricate, install, and completely finish all of the [contractor's work]." (*id.* quoting NYSCEF DOC. NO. 2 at pg. 10).

Amant further alleges that "[f]rom the outset, [JOHC] has failed to perform the work in the manner required by the [a]greement, including through…defective construction work, unexcused delays in performance, failure to complete performance, and overbilling for General Conditions costs." (*id*. at ¶16). Amant identifies non-conforming work, unexcused delays and other items including "the defective flooring installed by [JOHC]…at 315 Maujer [that] is uneven and has resulted in large streaking and extensive cracking." (*id*. at ¶ 17). Petitioner also alleges "several other defects in the work of [JOHC], including defective doors, a defective canopy, and untested and un-commissioned building systems." (*id*.). As a result of these allegations, Amant commenced the underlying action under index number 650143/2024.

Amant argues that "as a result of the above non-conforming work, [Amant is] entitled to monetary damages against [JOHC] in an amount believed to be in excess of $7,500,000 pursuant to the terms of the agreement" with JOHC. (*id*. at ¶ 18).

In its cross-motion, JOHC seeks an order compelling petitioners to engage in expedited arbitration before the American Arbitration Association in a matter designated as *John O Hara Company, Inc. v Amant Properties, LLC and Amant Foundation Properties, LLC f/k/a 932 Grand Street, LLC* under Case No. 01-23-0005-7700. (See NYSCEF DOC. NO. 27 at pg. 1).

650137/2024   AMANT FOUNDATION PROPERTIES, LLC ET AL vs. JOHN O'HARA COMPANY, INC.
Motion No.  001 002

Page 3 of 11

[* 3]

3 of 11

JOHC also seeks to stay the underlying legal action filed by Amant under index number 650143/2024. (*id.* at pg. 2).

JOHC seeks expedited arbitration alleging that Amant failed to make payment on three payment applications totaling $965,816.96, "later reduced to $962,141.62." (*See* NYSCEF DOC. NO. 26 at pg. 9).

## DISCUSSION

A petition to permanently stay arbitration brought pursuant to Section 7503 of the CPLR, which states that "a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the grounds that a valid was agreement was not made or has not been complied with."

"The courts play the gatekeeping' role of deciding certain threshold' issues before compelling or staying arbitration." (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v Benjamin,* 1 AD3d 39, 43 [1st Dept 2003]). Moreover, "the threshold issue of whether the parties have agreed to arbitrate or otherwise are bound to arbitrate, is a matter for the courts to decide." (*Southgate Owners Corp. v KNS Bldg. Restoration Inc.*, N.Y. Slip Op. 32683(U), *2 (Sup. Ct. N.Y. Cnty. [2022]). The First Department has held that the "party seeking a stay of arbitration has the burden of showing sufficient facts to establish justification for the stay." (*AIU Ins. Co. v Cabreja*, 301 AD2d 448 [1st Dept 2003]).

Pursuant to the Prompt Payment Act, owners, contractors and subcontractors are required to mediate and arbitrate disputes arising from performance and payment under the construction contracts. GBL § 756-b[3] states:

> "3. (a) Upon receipt of written notice of a complaint (i) that an owner has violated the provisions of this article; (ii) that a contractor has violated the provisions of this article; (iii) where a contractor alleges a subcontractor has violated the provisions of

650137/2024  AMANT FOUNDATION PROPERTIES, LLC ET AL vs. JOHN O'HARA COMPANY, INC.

Motion No.  001 002

Page 4 of 11

[* 4]

4 of 11

this article; (iv) where a subcontractor alleges a contractor has violated the provisions of this article; (v) where a subcontractor alleges that another subcontractor has violated the provisions of this article; (vi) where a contractor or subcontractor alleges a material supplier has violated the provisions of this article; or (vii) where a material supplier alleges a contractor or contractor has violated the provisions of this article; the parties shall attempt to resolve the matter giving rise to such complaint.

　　　　(b) The written notice required under this section shall be delivered at or sent by any means that provides written, third-party verification of delivery to the last business address known to the party giving notice.

　　　　(c) If efforts to resolve such matter to the satisfaction of all parties are unsuccessful, the aggrieved party may refer the matter, not less than fifteen days of the receipt of third party verification of delivery of the complaint, to the American Arbitration Association for an expedited arbitration pursuant to the Rules of the American Arbitration Association.

　　　　(d) Upon conclusion of the arbitration proceedings, the arbitrator shall submit to the parties his or her opinion and award regarding the alleged violation."

In its moving papers, petitioner first argues that JOHC failed to comply with the Prompt Payment Act by failing to "resolve the matter giving rise to such complaint." (*See* NYSCEF DOC. NO. 29 at pg. 6).

In a letter to plaintiff dated June 27, 2023, JOHC writes:

> "consistent with the requirements of General Business Law 756-B.3, this is your formal notice of our interest in attempting to resolve the matters giving rise to our complaint. Over the next fifteen (15) days we would hope to resolve this through discussion and negotiation. If we cannot do so, however, it is JOHC's intent to pursue the remedy of an expedited arbitration." (*See* NYSCEF DOC. NO. 20).

Amant's response to the JOHC's letter, dated July 18, 2023, states that JOHC's "letter…is rejected." (*See* NYSCEF DOC. NO. 23). Amant adds:

> "Accordingly, you are not entitled to expedited arbitration under [the Prompt Payment Act]. Rather, you agreed in your contract to submit all disputes to litigation, and we fully intend to commence legal action against you and certain subcontractors in the event that

650137/2024   AMANT FOUNDATION PROPERTIES, LLC ET AL vs. JOHN O'HARA COMPANY, INC.
Motion No.  001 002

Page 5 of 11

5 of 11

> you refuse to settle this matter in good faith. Since you are aware of the disputed amounts, you are not entitled to arbitration and, in any event, we believe that compelled arbitration under the Prompt Payment Act is void as unconstitutional."

(*See* NYSCEF DOC. NO. 23).

Now Amant argues that following its own response, the Prompt Payment Act "would then require that [r]espondent respond to [p]etitioner's July 18, 2023 correspondence and engage in a formal or informal dialogue to resolve the underlying dispute. Instead, [r]espondent did nothing." (*See* NYSCEF DOC. NO. 29 at pg. 6). Amant further adds that JOHC never subsequently reached out to resolve the issue, nor "offers no explanation for its failure to respond to Petitioners' July 18, 2023 correspondence" and thus JOHC did not conform with the requirements of the Prompt Payment Act (*id*. at pg. 7). This argument is without any merit.

Amant's response to JOHC's letter was clear; "you agreed in your contract to submit all disputes to litigation, and we fully intend to commence legal action against you and certain subcontractors in the event you refuse to settle this matter in good faith." (*See* NYSCEF DOC. NO. 23). The matter Amant is referring to is its own dispute with JOHC's work quality. Nonetheless, Amant's position that JOHC did not subsequently attempt to engage "in a formal or informal dialogue" following petitioner's clear rejection of JOHC's letter, is inconsistent. JOHC's letter stated that if the matter could not be solved over the next fifteen (15) days, they intended "to pursue the remedy of an expedited arbitration before the American Arbitration Association." (*See* NYSCEF DOC. NO. 20).

Petitioner's attempts to frame JOHC's non-response to Amant's letter as being in contravention of GBL §756-b(3)(a) are unavailing. It is also noteworthy that unlike their response to JOHC's letter, Amant does not argue in their moving papers that respondent agreed to resolve all disputes via litigation. Accordingly, this branch of petitioner's motion is denied.

650137/2024   AMANT FOUNDATION PROPERTIES, LLC ET AL vs. JOHN O'HARA COMPANY, INC.
Motion No.  001 002

Page 6 of 11

6 of 11

Petitioner next argues in its moving papers that respondent seeks relief it is not entitled to under the Prompt Payment Act, namely that JOHC seeks enhanced interest as part of the arbitration. (*See* NYSCEF DOC. NO. 29 at pg. 10). Amant's main contention is that "[t]here is nothing in the [Prompt Payment Act] that gives [r]espondent the right to seek enhanced interest under the statute, and [r]espondent does not demonstrate otherwise." (*id.* at pg. 10). Petitioner adds that "as the arbitrator lacks the statutory authority to award the damages sought, the [a]rbitration should be stayed." (*See* NYSCEF DOC. NO. 29 at pg. 10). Amant further argues that alternatively, this court "should issue an order limiting the [a]rbitration to the sole issue of whether [r]espondent violated the [Prompt Payment Act], leaving any award of interest or monetary amount to the concurrent litigation" which was commenced by Amant themselves. (*id.* at pg. 10-11).

In opposition, JOHC argues that all of respondent's claims qualify as within the scope of the Prompt Payment Act arbitration because "[t]hey all involve invoices which were submitted but were not paid, and also, no written statement was provided by [p]etitioners which set forth the reasons why no payment was being made." (*See* NYSCEF DOC. NO. 26 at pg. 19). In its application however, Amant does not actually address why any of the invoices should not be subject to arbitration. Instead, petitioner issues a blanket statement that enhanced interest is not permitted under the Prompt Payment Act.

GBL § 756-a states:

> 3. Payment. (a) The owner's payment of a contractor's interim and final invoices shall be made on the basis of a duly approved invoice of work performed and the material supplied during the billing cycle.
> (i) Unless the provisions of this article provide otherwise, the owner shall pay the contractor strictly in accordance with the terms of the construction contract.

650137/2024   AMANT FOUNDATION PROPERTIES, LLC ET AL vs. JOHN O'HARA COMPANY, INC.
Motion No.  001 002

Page 7 of 11

7 of 11

(ii) Payment of an interim or final invoice shall be due from the owner not later than thirty days after approval of the invoice.

(iii) If payment by the owner is contingent upon lender approval, payment of a contractor's interim or final invoice or the amount of loan proceeds disbursed by the lender for payment of the contractor's interim or final invoice shall be due from the owner seven days after receipt by the owner of good funds except where the provisions of section seven hundred fifty-six-d of this article applies.

(iv) An owner may withhold from an interim payment only an amount that is sufficient to pay the costs and expenses the owner reasonably expects to incur in order to cure the defect or correct any items set forth in writing pursuant to subparagraph (i) of paragraph (a) of subdivision two of this section, or in the alternative, to withhold an amount not to exceed the line item amount appearing in the agreed schedule of values together with any change orders, additions and/or deletions, if such schedule has been previously submitted, and/or an amount sufficient to cover liquidated damages as established in an agreed upon schedule in the construction contract."

Additionally, GBL § 756-b states:

"1. (a) If any interim or final payment to a contractor is delayed beyond the due date establish in paragraph (a) of subdivision three of section seven hundred fifty-six-a of this article, the owner shall pay the contractor interest beginning on the next day at the rate of one percent per month or fraction of a month on the unpaid balance, or at higher rate consistent with the construction contract.

(b) Notwithstanding any contrary agreement if any interim or final payment to a subcontractor is delayed beyond the due date established in paragraph (b) of subdivision three of section seven hundred fifty-dix-a of this article the contractor or subcontractor shall pay its subcontractor interest, beginning on the next day, at the rate of one percent a month or fraction of a month on the unpaid balance, or at a higher rate consistent with the construction contract."

As part of its letter to Amant, JOHC annexes a ledger showing $965,816.96 in unpaid costs stemming from the properties at 306 Maujer, 315 Maujer and 932 Grand. (*See* NYSCEF DOC. NO. 20). JOHC also clarifies that this amount has been reduced to $962,141.62. (See NYSCEF DOC. NO. 26 at pg. 9). JOHC alleges that a "substantial number of those payment

650137/2024   AMANT FOUNDATION PROPERTIES, LLC ET AL vs. JOHN O'HARA COMPANY, INC.
Motion No.  001 002

Page 8 of 11

applications were not fully or partially paid as can be seen…[y]et, JOHC was not given a written statement describing those items that were not approved or the reasons for it." (*id*.).

GBL § 756-b permits for the accrual of interest for a delay of payments and arbitration in the event of non-compliance. The First Department has also cited to the legislative history of GBL § 756-b, namely that:

> "'It is the intent of this legislation to address those situations in which, contrary to existing contracts, payments for approved services are unjustly delayed. Unjustified delays in paying construction contractors and material suppliers may discourage such firms and organizations from doing business in this state.'" (*Bank of Am., N.A. v ASD Gem Realty LLC*, 205 A.D.3d 1, 6 [1st Dept 2022]).

GBL § 756-a(2)(a)(i) outlines all of the reasons an owner may disapprove all or part of a contractor's invoices "so long as the reasons are included in the owner's written statement of disapproval." Thus, Amant was required to issue a written statement "describing those items in the invoice that are not approved." JOHC argues that it was not given such a written statement. Amant, however, has not demonstrated that it issued any statement, explaining why payment was not approved. At this juncture, Amant continues to argue that the Prompt Payment Act's provision mandating arbitration is not applicable here, when it instead has failed to abide by the aforementioned requirements. As such, Amant cannot establish why it withheld payment or whether it withheld payment for one of the enumerated permissible purposes. As interest is permissible under the Prompt Payment Act, this branch of petitioner's motion is also denied.

Thirdly, petitioner argues that the mandatory arbitration provision of the Prompt Payment Act is unconstitutional as it violates the New York State Constitution and the general public policy "providing that a party cannot be compelled to arbitrate without its consent." (*See* NYSCEF DOC. NO. 29 at pg. 11). Specifically, Amant argues that the Prompt Payment Act's

650137/2024   AMANT FOUNDATION PROPERTIES, LLC ET AL vs. JOHN O'HARA COMPANY, INC.
Motion No.  001 002

Page 9 of 11

9 of 11

[* 9]

"mandatory arbitration provision, if upheld, would allow [r]espondent to force [p]etitioners to arbitrate [r]espondent's claims – against [p]etitioners' consent – without any legislative procedural or substantive due process safeguards and, further, without any clarity as to what issues, if any, may be resolved at the arbitration." (*id*. at pg. 13).

Petitioner's argument, that this court find that the mandatory arbitrary provision of the Prompt Payment Act unconstitutional, is without any merit. Amant makes a blanket statement that it is challenging a mandatory arbitration because it may be "compelled to arbitrate without necessary due process safeguards." (*id.* at pg. 12). However, the scope of the arbitration is not without limit, as it outlined by JOHC's arbitration notice. Moreover, Amant is not precluded from pursuing litigating as part of its separate dispute with respondent, for which petitioner has already commenced a case. As such, any further arguments as to the constitutionality of the mandatory arbitration are merely conclusory in nature and are therefore dismissed.

Accordingly, Amant's motion is denied and the petition is dismissed. Moreover, JOHC's cross-motion is dismissed as moot.

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

ORDERED that the petition of AMANT FOUNDATION PROPERTIES, LLC and AMANT PROPERTIES, LLC seeking a preliminary injunction permanently staying the arbitration is denied and the special proceeding is dismissed, without costs and disbursements to either party; and it is further

ORDERED that the cross-motion of JOHN O'HARA COMPANY, INC. is dismissed as moot.

650137/2024   AMANT FOUNDATION PROPERTIES, LLC ET AL vs. JOHN O'HARA COMPANY, INC.
Motion No.  001 002

Page 10 of 11

10 of 11

Any requested relief not expressly addressed by the Court has nonetheless been considered and is hereby denied.

20241007091056LFRANK8BA06420AAD4BE19F587C3D0904CE12

| 10/7/2024 | | |
| --- | --- | --- |
| **DATE** | | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | **X** GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650137/2024   AMANT FOUNDATION PROPERTIES, LLC ET AL vs. JOHN O'HARA COMPANY, INC.**

**Motion No.  001 002**

Page 11 of 11